MAUD E. SPAWN, RESPONDENT, v. ALBERT GOLDBERG ET AL., APPELLANTS.

Submitted March 17, 1920—Decided May 20, 1920.

1. It is a general rule that drivers of automobiles and other vehicles when using streets and highways are bound to exercise reasonable care towards other travelers—in other words, they must use that degree of care which an ordinarily prudent person would exercise under the same circumstances—and this rule is applicable to such travelers when approaching one another or meeting at street or highway intersections, and each is bound to exercise reasonable care not to collide with the other.

2. It was open to a jury to find that both drivers were negligent when each drove towards the junction point of two city streets at a speed of fifteen miles an hour and neither of them slackened speed nor changed direction until the instant of collision, although each had full view of the other for seventy-five feet from the point of collision.

3. It is the duty of the driver of an automobile to use reasonable care to avoid injury to others, and it is a breach of that duty to fail to stop the machine or slacken its speed when that is the only way in which injury to others can be avoided.

4. The provision of the Traffic act (*Pamph. L.* 1915, *p.* 285, *chap.* 156) that "every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right," is not intended to provide an exclusively hard and fast rule, applicable to all hazards and in all situations, regardless of actual conditions, and thus liberate from responsibility one who adheres to the regulation, and is otherwise reckless and indifferent to the situation of others; and so the fact that the driver of the jitney bus in which the plaintiff was riding failed to accord to the defendant the right of way as directed by the Traffic act, is not in

itself a sufficient reason for the direction of a verdict for the defendant, when such fact is but one factor in the situation which, considered as a whole, presents a jury question as to the defendant's negligence under all the circumstances.

On appeal from the District Court of the city of Orange.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the appellant Liberty Trucking Company, *Kalisch & Kalisch.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff and against the Liberty Trucking Company and Albert Goldberg, by reason of injuries sustained by the plaintiff (a young woman) as the result of a collision between a jitney motor bus owned by Goldberg, in which she was a passenger, and a motor truck of the Liberty Trucking Company, the collision occurring at the junction of Clinton avenue and La Grange Place, in Newark, on September 4th, 1919, at nine o'clock in the morning.

We are of the opinion that there is no merit in the appeal of the Liberty Trucking Company (which alone appeals).

We think that the motion for a direction of a verdict in its favor was rightly denied.

The motion was based upon the notion, and the contention here is, that the facts and circumstances of the collision, as disclosed by the evidence, did not justify a finding of negligence on the part of the company.

But that is not so. It is a general rule that drivers of automobiles and other vehicles when using streets and highways are bound to exercise reasonable care towards other travelers; in other words, they must use that degree of care which an ordinarily prudent person would exercise under the same

circumstances, and this rule is applicable to such travelers when approaching one another or meeting at street or highway intersections, and each is bound to exercise reasonable care not to collide with the other.

Now, the collision in question occurred at the junction of two city streets, the defendant's motor truck coming out of La Grange Place, and the jitney bus, in which the plaintiff was riding. traveling on Clinton avenue, both proceeding towards the junction point of the two streets.

We think that it was open to the jury to find, as they did, that both drivers failed to observe reasonable care in the circumstances. The evidence tended to show that each drove straight toward the junction point at a speed of fifteen miles an hour, and neither slackened speed nor changed direction until the instant of collision, although each had full view of the other for seventy-five feet from the point of collision.

We have pointed out that it was the duty of the driver of the defendant company's motor truck to use reasonable care to avoid injuring others, and it was a breach of that duty to fail to stop the machine or slacken its speed when that was the only way in which injury to others could be avoided.

The defendant company, however, insists that its driver was not negligent because he had the right of way by virtue of the Traffic act (*Pamph. L.* 1915, *p.* 285), which enacts that "every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." But, as to that contention, it is a sufficient answer to say that such provision was not intended to provide an exclusively hard and fast rule, applicable to all hazards and in all situations, regardless of actual conditions, and thus liberate from responsibility one who adheres to the regulation, and is otherwise reckless and indifferent to the situation of others; and so the fact that the driver of the jitney bus in which the plaintiff was riding failed to accord to the defendant the right of way as directed by the Traffic act, is not in itself a sufficient reason for a direction of a verdict for the defendant, when, as here, such fact is but one factor in the situation which,

considered as a whole, presents a jury question as to the defendant's negligence under all the circumstances. *Paulsen* v. *Klinge*, 92 *N. J. L.* 99; *Winch* v. *Johnson*, *Id.* 219.

The motion for a nonsuit also was rightly denied, for the same reason.

Since these are the only points argued, the judgment will be affirmed, with costs.