SARAH P. JASMIN *v.* LEROY PARKER ET AL.

January Term, 1930.

Present: POWERS, SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed February 5, 1930.

408

*Lawrence, Stafford & O'Brien* for defendant Parker.

*Fenton, Wing & Morse* and *Olin M. Jeffords* for defendant Cox.

*Novak, Bloomer & Spero* for the plaintiff.

THOMPSON, J.   The plaintiff sues for personal injuries suffered by her in an automobile accident.   At the time of the accident she was riding on the rear seat of a Ford touring car owned and operated by defendant Cox, which car collided with a Ford coupe owned and driven by defendant Parker, in the morning of October 9, 1928.   The accident occurred a few miles south of Middlebury at the intersection of the East Middlebury Road and the main highway leading from Middlebury to Rutland, and hereinafter called the Rutland road.   The East Middlebury road enters but does not cross the Rutland road. The Rutland road has a hard, tarvia-treated surface.   The East Middlebury road has a hard gravel surface after it leaves the travia-treated road.   The collision took place on the tarvia-treated surface.   The width of the traveled portions of both roads at the intersection is about twenty-five feet.   Near the place of collision is a culvert of about twelve feet span in the Rutland road.   Starting at the culvert the Rutland road curves sharply for a considerable distance in a southwesterly direction,

and the East Middlebury road has a slight southeasterly curve for a short distance and then curves sharply in an easterly direction. The road northerly of the culvert is practically straight and ascends about one-eighth of a mile to the top of a hill. The curve in the Rutland road is not banked and is practically level except for a slight crowning in the center. A guard rail on the easterly end of the culvert extends several feet northerly and southeasterly along the side of the road.

Defendant Parker was traveling south from Middlebury to Ripton and had to travel over the East Middlebury road. Defendant Cox was traveling north from Rutland to a place beyond Middlebury. From the top of the hill northerly of the culvert, and from a point in the Rutland road about one-eighth of a mile southwesterly of the culvert, the defendants had a clear view of each other as they approached the intersection. Both defendants were experienced automobile drivers and both were familiar with the roads at the place of the accident. Neither car left any tracks on the surface of the road whereby the exact place of the collision could be established or the exact course of either car prior to and after the collision be traced.

After the collision, the Parker car stopped a short distance southeasterly of the culvert and headed toward East Middlebury. It was parallel with the guard rail and from one foot to two feet from it. The right forward and rear fenders and the right running-board were damaged, and the right, rear window, the sun visor on the windshield, and the radius rod were broken. There was a mark on the left side of the car where it struck the guard rail after the impact. This was the only damage done to the left side of the car.

The Cox car stopped north of the culvert from twenty to thirty feet from the Parker car. It was almost directly across the road and headed easterly with its front end from six inches to a foot from the guard rail. The right forward fender was slightly bent near the running-board, and the right rear fender was badly damaged. The right rear wheel was broken so that the hub and axle dropped to the surface of the road, and the right rear door was damaged. No damage was done to the left side of the car.

At the trial there was a verdict and judgment for the plaintiff against both defendants, and both defendants excepted. Defendant Parker says in his brief that he is now content with

the judgment against both defendants, and only insists that defendant Cox shall not be released from the responsibility cast upon him by the jury's verdict; so only the exceptions of the defendant Cox are considered, and in the order which they are briefed.

After verdict, and before judgment, defendant Cox moved that the verdict against him be set aside and a new trial granted. The motion was overruled and an exception saved. There are four grounds in the motion, but only the second and third are here relied upon. They are consolidated in the following statement in his brief: "The uncontroverted physical facts overwhelmingly and conclusively establish that defendant Cox was not guilty of negligence and disprove conclusively the testimony of defendant Parker, which constituted the only evidence in the case tending to show negligence on the part of defendant Cox"; in other words, that the positions of the cars after the collision and of the damaged parts of the cars indisputably show that the collision happened as the evidence of defendant Cox tends to prove and so the testimony of defendant Parker must go for naught. It clearly appears from an inspection of the evidence that the verdict against defendant Cox cannot be sustained without the testimony of defendant Parker.

When, as here, all the evidence is before this Court on an exception to the action of the trial court in denying a motion to set aside the verdict on the ground that the verdict is wholly unsupported by the evidence, the question is reviewable. *Wellman, Admr.* v. *Wales,* 97 Vt. 245, 248, 122 Atl. 659; *Whitman* v. *Dailey,* 95 Vt. 454, 456, 115 Atl. 559; but, if there is any evidence fairly and reasonably tending to support the verdict, the action of the trial court in overruling the motion to set aside the verdict will not be disturbed. *Wellman, Admr.* v. *Wales,* 98 Vt. 437, 447, 129 Atl. 317; *French* v. *Wheldon,* 91 Vt. 64, 69, 99 Atl. 232; *Rainey* v. *Grand Trunk Ry. Co.,* 84 Vt. 521, 529, 80 Atl. 723.

Defendant Parker testified that, as he went down the hill northerly of the culvert, he saw the Cox car approaching about five hundred feet away, that both cars were then traveling about twenty-five miles an hour, and it appeared to him that he had plenty of time to go straight ahead on to the East Middlebury road, and he signalled his intention of so doing, and slowed down to about fifteen to twenty miles an hour. He

reached a point in the intersection which brought him to the center of the road, when he looked up and saw that the Cox car had "speeded up" and was coming on its left of the center of the road with its right wheels about in the center of the road, and traveling at a rate of speed between thirty and thirty-five miles an hour. Up to this time it had appeared to him that he had plenty of time to go on to the East Middlebury road. He saw that a collision was imminent, and tried to turn to his left to avoid it, but moved only a few feet before the collision, which took place on the curve about in the center of the road. The right front fender of the Cox car first struck his right rear fender, and then the Cox car swung and struck the front part of his car. The impact threw his car sideways to the left against the guard rail and slightly back toward Middlebury. He did not drive his car across the road in front of the Cox car, nor did he turn his car to his left for the purpose of going around the Cox car, and there would have been a collision just the same if he had been on his right of the center of the road. He testified in cross-examination that to his mind his car had passed the intersection at the time of impact.

Defendant Cox testified, and his evidence tended to show, that, as he went around the curve from the south, he saw the Parker car coming down the hill on its right side of the road and thereafter watched it up to the time of the collision. As he approached the intersection, he reduced the speed of his car to about twenty miles an hour. He realized that the cars might reach the intersection at about the same time, but he thought he was nearer to it than the Parker car. In making the curve, he turned his car as far onto his right of the road as he could safely do, which was about four feet from the guard rail, and proceeded in that course until the collision. He saw no signal from Parker, and he thought Parker was going toward Rutland. When the cars were from twenty to thirty feet apart and both traveling about twenty miles an hour, Parker suddenly turned his car to the left, crossed the road in front of the Cox car, and tried to pass between it and the guard rail. When Parker started to cross the road, he (Cox) saw there would be a collision and turned his car to his left in an attempt to avoid it. Parker struck his car on the rear door on the right side, and the rear end of the car swung around in the road. After the collision his car went beyond the Parker car and stopped from

twenty to thirty feet from the rear end of the Parker car, but he could not say how much of that distance he traveled. After his car was on its extreme right of its side of the road, there was at all times before the Parker car turned to its left a clear space of about sixteen feet in the road ahead of it over which it could have passed without interference toward Ripton or Rutland. He considered that at no time was he other than within his rights in the operation of his car as to speed and to location of road.

Defendant Cox argues that such a collision as claimed by defendant Parker would have thrown the front of the Parker car away from the Cox car and to the east side of the road, so that it would have been impossible for it to come to rest as it did parallel with the guard rail and facing toward East Middlebury; that, if the collision had occurred as claimed by defendant Parker, there would have been tracks in the road made by the spokes in the broken right rear wheel of the Cox car showing where it had gone from the left to the right side of the road, but no such marks were there; that it is impossible to place the two cars, each bearing to their left as the testimony shows they were just before the collision, so that they could come in contact as claimed by defendant Parker, and produce the damage to the cars, respectively, which the uncontradicted testimony shows resulted.

We cannot agree with this position of defendant Cox. No measurements were taken after the accident. Defendant Cox testified that after the collision he saw marks in the road made by the broken wheel of his car, but there was no evidence as to where those marks were in the road. The evidence was conflicting as to the exact position of the cars after the accident, as to the speed of the cars at the time of impact, and as to the place in the road where the cars collided. Defendant Parker testified that it was on the curve. Defendant Cox testified that, at the time of the collision, he had practically completed the curve and was on the straight road toward Middebury; but, from the diagram of the position of the cars at the time of the accident, embodied in his report of the accident to the motor vehicle department, the jury could well infer that the collision took place on the curve and that his car in rounding the curve was nearer the center of the road than he testified in court.

There were also factors attending a collision of this kind affecting the damage to the cars and their course after the impact about which there was little or no evidence; the exact angle at which the cars met, the control of the driver over the course his car took after the collision, and the effect of the broken wheel on the course of the Cox car. There was also the question of the probability of the evidence that defendant Parker deliberately crossed the road in front of the Cox car and attempted to pass through a space four feet wide between the Cox car and the guard rail, when he had an open road sixteen feet wide ahead of him toward his destination. With all the conflicting evidence in the case and the lack of evidence on some important factors, we cannot say as a matter of law that it was a physical impossibility for the accident to have happened as testified to by defendant Parker. We think that on the evidence the question of the negligence of defendant Cox was for the jury. *Parker, Admr.* v. *Smith,* 100 Vt. 130, 134, 135 Atl. 495. The trial court did not err in refusing to set aside the verdict.

Sheriff Sanford Noble went to the scene of the accident before the cars were moved. He testified that he talked with the defendants when both were present, and that defendant Parker said that he was headed for Ripton and figured that he had plenty of time to make the East Middlebury road before the other car came into "this" road. Defendant Cox offered to show that after this the witness said to defendant Parker, "It looks to me as if you are in wrong," and that defendant Parker made no reply. The offer was excluded, and defendant Cox was allowed an exception. The offer was that the offered statement of the witness charged defendant Parker with the fault of the accident, and, if not at fault, he was under obligation to answer it, and this silence was of the same force as an admission of negligence.

Whether a person is bound to speak when statements and declarations adverse to his interests are made is often a perplexing question, and it is difficult to state a rule applicable to all cases, as the question so often depends upon the circumstances attending each case; but the rule is that, where a statement of fact affecting a party or his rights is made in his presence and hearing under such circumstances as naturally to call for contradiction or reply. evidence that he remained silent

is admissible as tending to show an admission of the truth of the fact stated. *Vail* v. *Strong,* 10 Vt. 457, 464; *Gale* v. *Lincoln,* 11 Vt. 152; *Mattocks* v. *Lyman,* 16 Vt. 113, 119; *Hersey* v. *Barton,* 23 Vt. 685; *Brainard* v. *Buck,* 25 Vt. 573, 579, 60 A. D. 291; *McCann* v. *Hallock,* 30 Vt. 233, 235; *Pierce's Admr.* v. *Pierce,* 66 Vt. 369, 375, 29 Atl. 364; *Pond* v. *Pond's Estate,* 79 Vt. 352, 360, 65 Atl. 97, 8 L. R. A. (N. S.) 212; *Moore* v. *Smith,* 14 Serg. & R. (Pa.) 388; *Com.* v. *Kenney,* 12 Metc. (Mass.) 235, 237, 46 A. D. 672.

In *Vail* v. *Strong, supra,* this Court said: "The true rule we understand to be this:—evidence of this character may be permitted to go to the jury, whenever the occasion, upon which the declaration is made in the presence of the party, and the attendant circumstances, call for serious admission or denial on his part; but the strength of the evidence depends altogether upon the force of the circumstances and the motives, which must impel him to an explicit denial, if the statement be untrue. But if no good reason exists to call for disclosure, and the party decline to enter into useless discussion, or answer idle curiosity, no legitimate inference to his prejudice can be drawn from his silence."

In *Commonwealth* v. *Kenney, supra,* Chief Justice Shaw said: "In some cases, where a similar declaration is made in one's hearing, and he makes no reply, it may be tacit admission of the facts. But this depends on two facts; first, whether he hears and understands the statement, and comprehends its bearing; and secondly, whether the truth of the facts embraced in the statement is within his own knowledge or not; whether he is in such a situation that he is at liberty to make any reply; and whether the statement is made under such circumstances, and by such persons, as naturally to call for a reply, if he did not intend to admit it."

■ ■ We think, in view of what defendant Parker told the witness about the accident before the offered statement was made, that he was not called upon to reply to the same. The offered statement was not a statement of fact, but the expression of the personal opinion of the witness, based upon what he had observed and what the defendants had told him. But, even if the exclusion of the statement had been error, the error would have been rendered immaterial by the verdict against defendant Parker (*Parizo* v. *Wilson,* 101 Vt. 514, 518, 144 Atl.

856), as it would have been material only on the question of the liability of defendant Parker. There was no reversible error in the exclusion of the offered statement.

The defendant Cox requested the court to charge the jury as follows: "If the jury find that the two defendants, Parker and Cox, keeping the relative rates of speed at which they were traveling as they approached the intersection of the roads, arrived at the intersection of the roads at about the same time; or if they find that Cox arrived at the intersection first; then it became and was the duty of the defendant Parker not to attempt to cross in front of Cox. And if the jury further find that, under such circumstances, Parker did attempt to cross over in front of defendant Cox or to pass him by turning to his, Parker's left, then we charge you such conduct on the part of Parker was negilgence and if you find such negligence was the sole proximate cause of the accident, then we further charge you that, under such circumstances, the defendant Parker would be liable and the defendant Cox would not be liable."

■ The court modified the first sentence of the request so that it reads as follows, the modifying words being in italics: "If the jury find that the two defendants, Parker and Cox, keeping the relative rates of speed at which they were traveling as they approached the intersection of the road, arrived at the tersection of the roads *so near the same time a careful and prudent man would not have attempted to cross in front of Cox;* or if they find that Cox arrived at the intersection first, then it became and was the duty of defendant Parker not to attempt to cross in front of Cox"; and then complied with the request as modified.

Defendant Cox excepted to the part of the charge modified by the court on the ground that, in the situation indicated by the modifying language the court erred in leaving the conduct of defendant Parker to be determined by the jury as a question of fact under the prudent-man rule, while charging that, in the situation indicated by the language, if Cox "arrived at the intersection first," the conduct of Parker was fixed by law; that in both situations the conduct of Parker was fixed as a matter of law.

■ The statute provides that all intersecting highways shall be approached and entered slowly and with due care to avoid accident; that, except as otherwise provided, all vehicles

shall give the right of way to other vehicles approaching from the right, and shall have the right of way over those approaching from the left; that the operator of a vehicle about to make a turn to the left into an intersecting highway shall reduce speed as an indication of his intention to make the turn and pass to the right of and beyond the center of the highway intersection before turning. Acts of 1925, No. 70, § 68, subdivs. II, III.

The exception is apparently based on the theory evidently entertained by defendant Cox at the time of the accident, and by other automobile drivers, that the statute gives the vehicle approaching from the favored direction exclusive rights over the vehicle approaching from the disfavored direction; but this is not necessarily so, as was held in *Lachance, Admr.* v. *Myers,* 98 Vt. 498, 129 Atl. 172.

The rule of the statute is one of convenience, and was intended to standardize rights and duties at intersecting highways; and, apart from the mandate of the statute that vehicles shall approach and enter intersecting highways slowly and with due care to avoid accident, the mere fact that one vehicle has the right of way over others crossing its path does not relieve the vehicle thus favored from the duty of exercising due care not to injury the others at the place of crossing. On the contrary, the duty of due care to avoid collisions remains reciprocal, and the driver of each vehicle may, within reasonable limits, rely upon the discharge of this duty by the other. *Rosenau* v. *Peterson,* 147 Minn. 95, 179 N. W. 647; *Carlson* v. *Meusberger,* 200 Iowa, 65, 204 N. W. 432; *Ray* v. *Brannan,* 196 Ala. 113, 72 So. 16. See notes 21 A. L. R. 988, 37 A. L. R. 509, and 47 A. L. R. 613, where the decisions of the various courts are collected. The common-law rules applicable to negligence have not been abolished by the statute. *Landry* v. *Hubert,* 101 Vt. 111, 141 Atl. 593. "Its existence but adds an additional factor to be considered in given situations by which negligence may be measured and determined between conflicting claimants exercising a common right." *Paulsen* v. *Klinge,* 92 N. J. Law, 99, 104 Atl. 95, 96; *Spawn* v. *Goldberg,* 94 N. J. Law, 335, 110 Atl. 565. It may be determinative in many cases (*Landry* v. *Hubert, supra*); and might be in this case if the accident happened as claimed by defendant Cox.

Defendant Parker, in approaching the intersection of the highways, had the right to assume that defendant Cox would observe his signal of his intention to go on to the East Middlebury road, and that Cox would operate his car with the due care required by the circumstances, and could proceed on this assumption until, in the exercise of the care of a prudent man, he saw or ought to have seen that the cars would arrive at the intersection at or about the same time if he continued his course, in which event it would be his duty to exercise the care of a prudent man to avoid an accident and not to attempt to cross the road in front of the Cox car. *Hatch* v. *Daniels*, 96 Vt. 89, 93, 117 Atl. 105; *Dumont* v. *Crombie*, 99 Vt. 208, 214, 130 Atl. 679; *Lachance, Admr.* v. *Myers, supra.* There was no error in this part of the charge.

The court, at the request of defendant Parker, charged the jury as to the right of the driver of an automobile from the left to cross a highway intersection when there is no one approaching from the right within such distance as reasonably to indicate danger of interference or collision, substantially as the rule is stated in *Lachance, Admr.* v. *Myers, supra.* Defendant Cox excepted on the ground that, while the charge is correct as an abstract statement of the law, it has no application to this case because there is no evidence in the case having any tendency to show that defendant Parker arrived at the intersection of the highways first.

It can be inferred from the evidence of defendant Parker that he could have passed the intersection in safety if defendant Cox had not increased the speed of his car, and, as we have herein stated, it was for the jury to say on all the evidence how the accident happened. This exception is not sustained.

*Judgment affirmed.*

NOTE.—When this case was heard it was assigned to CHIEF JUSTICE WATSON. After his decease it was ordered reargued, and at the January Term, 1930, was reassigned to MR. JUSTICE THOMPSON.