GEORGE H. CHAFFEE v. GEORGE A. DUCLOS.

February Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Wayne C. Bosworth* for the defendant.

*Charles I. Button* for the plaintiff.

THOMPSON, J. In the dusk of the evening of September 3, 1932, and more than thirty minutes after sunset, the defendant, who was traveling westerly on a tarvia surfaced highway, stopped his motor truck loaded with cattle on the part of the highway to the right of its center used by vehicles traveling westerly, and left it standing there without any lights being displayed.

The plaintiff in a light Chevrolet truck approached defendant's truck from the southeast. He was traveling on the same side of the road on which defendant's truck was standing. His truck was equipped with headlights as prescribed by law, and they were lighted. He was traveling at a rate of speed of about twenty-five miles an hour and at that rate of speed he could stop in from twenty to twenty-five feet. He did not see defendant's truck until he was about twenty feet from it. He turned sharply to the left to avoid a collision, but collided with the left rear corner of defendant's truck and his own truck was damaged. He brought suit to recover for the damages he sustained. There was a trial by jury and a verdict and a judgment for the plaintiff. The defendant concedes that he was guilty of negligence that was a proximate cause of the collision, but he contends that the plaintiff was guilty of contributory negligence. The question is raised by an exception to the denial of his motion for a directed verdict on that ground.

He claims that since the lights on the plaintiff's truck were legal and legally sufficient, the latter should have seen the defendant's truck when he was at least one hundred feet therefrom; and as a matter of law he was guilty of contributory negligence in failing to see it in time to avoid . the collision. In support of this contention he relies upon the statement of the general rule in *Steele* v. *Fuller*, 104 Vt. 303, 309, 158 Atl. 666, 668, ''that one who drives an automobile along a public highway in the dark must drive at such a speed that it can be stopped within the distance that can be seen ahead of it, *i.e.*, within the range of its headlights.'' To the same effect are *Gallagher* v. *Montpelier & Wells River R. R.*, 100 Vt. 299, 137 Atl. 207, 52 A. L. R. 744, and *Yardley* v. *Rutland R. R. Co.*, 103 Vt. 182, 153 Atl. 195, 197. In each of those cases the plaintiff was riding in an automobile which ran into a train that was on a grade crossing. We said in the latter case, when discussing the alleged negligence of the defendant:

> ''In short, the law of these cases is that, aside from the statutory requirements, the care and diligence required of a railroad company in the lawful occupancy of grade crossings with its trains is to be measured by the care and diligence which it has the right to assume will be exercised by travelers on the highway; and that it has the right to assume that a traveler on the highway who is in the exercise of due care and diligence, will adopt such rate of speed as will enable him to stop his car within the distance that he can plainly see the train. In· other words, that he will govern his speed by the condition of his lights and his ability to stop his car.''

In each of those cases it was held that the defendant was not guilty of negligence that was a proximate cause of the accident. While the general rule that the driver of an automobile is as matter of law guilty of negligence in driving at such a rate of speed as prevents stopping within time to avoid an obstruction within the range of his vision is supported by reason and the weight of authority, it is not a hard and fast rule that must be invariably applied in every case. Such application, it is said

in *Kaufman* v. *Hegeman Transfer & Literage Terminal,* 100 Conn. 114, 118, 123 Atl. 16, 17, ''would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, to so travel that he should not collide with any obstruction in the highway however negligently it may have been maintained upon it. It would thus impose upon the traveler the exercise of extraordinary care instead of ordinary care under the circumstances.''

In *Steele* v. *Fuller,* the plaintiff, when temporarily blinded by the lights of an approaching car, did not stop or slow down until his vision was restored, but proceeded in his blinded condition, and by reason thereof did not see the defendant's automobile standing in the road ahead of him until it was too late to avoid a collision. We held that the plaintiff, on his own testimony, was guilty of contributory negligence as matter of law. We said, however, that there might be circumstances which might excuse such a confused driver from making an abrupt and immediate stop; but there was no evidence in the case of such a situation.

In *Hatch* v. *Daniels,* 96 Vt. 89, 117 Atl. 105, the defendant left his unlighted automobile standing in the highway after dark, unattended. The plaintiff traveling in the same direction in which it was headed, saw it as soon as he ought to have seen it and in time to have avoided it. When he first saw it he thought it was coming toward him, and he acted accordingly. When he was twenty-five or thirty feet from it he discovered that it was not moving and that a collision was imminent. He was unable to avert it, and as a result of the collision his car was damaged and he was injured. There was evidence from which the jury could have inferred that if the lights of the defendant's car had been lighted, the plaintiff would have sooner discovered defendant's car and been able to judge whether it was stationary or in motion.

This Court, when holding that in all the circumstances of the case it was for the jury to determine whether the plaintiff failed to act as a prudent man in erroneously assuming, until too late to avoid a collision, that defendant's automobile was approaching and would turn to its right to avoid a collision, said that the plaintiff had a right to assume that the defendant would obey the law of the road and seasonably move over to his right so as to pass without interference, and he might pro-

ceed on that assumption until he saw, or in the circumstances ought to have seen, that it was unwarranted. *Dumont* v. *Cromie,* 99 Vt. 208, 214, 130 Atl. 679; *Jasmin* v. *Parker,* 102 Vt. 405, 417, 148 Atl. 874.

In addition to the facts we have already stated, it appears from the evidence, viewed in the light most favorable to the plaintiff, that he was watching the road all of the time; that as he approached the defendant's truck there was a slight curve in the road and a descending grade; that the tail-gate of defendant's truck, which was of a color similar to that of the road, was a bridge-like affair used in loading cattle into the truck; that it filled the rear end of the truck and extended below it to about twelve or fourteen inches from the surface of the road.

The plaintiff, when explaining why he did not see the defendant's truck in time to avoid it, testified:

> "The slight curve in the road, a little change in the elevation where I was and where the truck was standing, the color of the rear end of the truck was so near like the road that I didn't notice it until I got pretty close to it. * * * * A car standing in the traveled track of the road would be at the left of where the lights would focus coming from the south (east) until they got pretty close to it. They would go off at the side of the road * * * * on the right hand side."

■■ The defendant's motion for a directed verdict is based upon the single proposition that the plaintiff was guilty of contributory negligence as matter of law in operating his truck at such a rate of speed that he could not stop it in the space included in his vision ahead of him. The proposition is based upon the assumption of fact that the plaintiff could not stop his truck in the space of his vision. The defendant takes the distance the plaintiff saw the truck ahead of him, about twenty feet. He leaves out of the proposition the distance ahead the plaintiff could have seen had the defendant displayed a light with which to warn approaching travelers. There was evidence from which the jury could infer that such distance was not less than one hundred feet, and, if such warning had been given, the plaintiff could have stopped in time to avoid a collision.

The plaintiff had the right to assume that the highway was open to public travel, and that the defendant would observe the law of the road (Nos. 79 and 80, Acts of 1931) and would not leave his unlighted truck standing on the traveled part of the highway, and he might proceed on this assumption until in the exercise of the care of a prudent man, he saw or ought to have seen that it was unwarranted.

The case comes fully within the authority of *Hatch* v. *Daniels, supra,* that in the circumstances it was for the jury to determine whether the plaintiff was guilty of contributory negligence.

*Judgment affirmed.*