MYRTIE MENARD *v.* WILBUR BLANCHARD ET AL.

(92 A2d 616)

October Term, 1952.

Present: SHERBURNE, C. J., CLEARY and ADAMS, JJ., HUGHES and CHASE, Supr. JJ.

Opinion Filed November 5, 1952.

*Loren R. Pierce* for the defendant Blanchard.

*Alban J. Parker* for defendant Burch.

*Lawrence & O'Brien* for the plaintiff.

SHERBURNE, C. J.   This is an action to recover damages for personal injuries received in an automobile accident, and comes here upon defendants' exceptions.   The only exceptions briefed are to the denial of defendants' motions for a directed verdict made at the close of all the evidence and to set aside the verdict.

Viewed most favorably to the plaintiff her evidence reasonably tended to show the following facts: As one travels on the main highway from Rutland to Woodstock he enters a long gradual curve to the left near West Woodstock.   The accident happened on this curve on September 5, 1948, at about 8:15 P. M.   It had been raining and was getting dark.   The paved surface of the highway was 19 feet 9 inches wide and was wet and slippery.   There was a continuous white painted line in the approximate center of the pavement around the curve.   From the inside of the curve there was a dirt road leading off at a right angle to the left with a Y entrance 50 feet wide and a triangular grass plot within it.   Just beyond this dirt

road were some buildings. On the opposite side of the main highway was a stonewall, in which was a gateway located opposite and just beyond the farther corner of the grass plot. On the right side of the pavement there were here a number of irregularities, bumps and holes, and because the way or lane from the pavement to the gateway was lower than the surface of the road and road shoulder on both sides of it there was quite a hollow spot there. The plaintiff was unfamiliar with the highway. Accompanied by her husband and others she was driving his Buick car. A short distance back she overtook the defendants riding in a jeep, owned by defendant Burch and driven by defendant Blanchard, and sounded her horn and attempted to pass, but the jeep got over on the left side of the road, and she pulled back to the right side and followed it until just before the accident at a distance of about four car lengths. Both cars were traveling around the above mentioned curve at about 35 miles per hour when the jeep, as it approached the intersection with the dirt road, turned to the left completely across the center line toward that road, which she then thought was a driveway, as though it was going to enter it, and at the same time slackened its speed 5 to 10 miles per hour. Assuming that the jeep was going to turn into the dirt road the plaintiff kept right on on the right side of the highway and increased her speed slightly, and was drawing up beside the jeep when she noticed that it had started back toward her. She then sounded her horn and, as it continued to come toward her, she turned to the right to avoid it and in doing so her right wheels started off the pavement at a point about 20 feet from the lane to the gateway and opposite the center of the dirt road and crossed this lane at a point a little over 3 feet from the pavement. When her wheels went over the hollow and bumps there she lost control of her car and it followed a circular course over the grass beside the road, crossed the highway ahead of the jeep and her bumper hit a tree on the other side, and then the car swerved sideways and came to a stop against another tree farther on with sufficient force to badly crush the side of the car. Measuring along the highway this second tree was about 130 feet from the gateway. The right wheels of the plaintiff's car followed a course off the right side of the pavement for a total distance in excess of 80 feet. The jeep stopped on the right side of the highway about opposite where the Buick hit the tree. The plaintiff had been driving with her lights on, but the lights on the jeep were not turned on until after the accident. The defendants had

been drinking and were both under the influence of intoxicating liquor.

One of the grounds for the motion for a directed verdict is that the accident and resulting injury to the plaintiff was not the fault of the defendants or either of them. In support of this motion the defendants now say that on the evidence the plaintiff has not shown any act or conduct on the part of the defendants or either of them which contributed in any way as a proximate cause to the collision of plaintiff's car with the tree. The stated ground makes no reference to the evidence and it is very doubtful if it amounts to more than a general denial, or if it is sufficiently specific for consideration. See *Callahan* v. *Disorda,* 111 Vt 331, 335, 16 A2d 179, and cases cited. However, as against the claim here made there was evidence which warranted the submission of the issue to the jury of whether defendant Blanchard was guilty of negligence which was the proximate cause of the accident, and no claim is made that if he was guilty of such negligence defendant Burch was not likewise guilty.

The evidence shows that the defendants were both familiar with the location of the dirt road and that on that very afternoon they had turned into it at this intersection on a previous ride over the main highway. In view of the evidence that when the plaintiff first attempted to pass the jeep she sounded her horn and the jeep turned on to the left side of the road and then she followed four car lengths behind with her lights on, the defendants must have been aware that she was close behind them when Blanchard drove his jeep across the center of the road to the left toward the entrance to the dirt road and slackened his speed as though to enter it. We think that under the circumstances whether or not Blanchard should have anticipated that the plaintiff would reasonably assume that he was going to turn into the dirt road, and that she would drive by on the right side of the highway was a question for the jury, and if the jury should so find it could also find that he was negligent in turning back onto the right side of the road as he did, particularly when he continued toward the plaintiff after she sounded her horn, under the rule that on the question of what is negligence it is material to consider the consequences that a prudent man might have anticipated. *Wagner* v. *Village of Waterbury,* 109 Vt 368, 375, 196 A 745; *Bennett* v. *Robertson,* 107 Vt 202, 214, 177 A 625, 98 ALR 152; *Woodcock's Admr.* v. *Hallock,* 98 Vt 284, 290, 127 A 380. If the jury found that defendant Blanchard was negligent in driving

back onto the right side of the highway toward the plaintiff, it could also find that this proximately caused her to drive off the road and started the chain of events that resulted in the accident and her resulting injuries, even though he did not collide with her. In this respect the situation is somewhat similar to that in *Sulham* v. *Bernasconi,* 106 Vt 192, 170 A 913, where when the plaintiff was attempting to pass the defendant he drove his car to his left into the path of the plaintiff's car, who turned her car sharply to the left to avoid a collision and it went out of control.

Another ground of plaintiff's motion for a directed verdict was that considering all of the evidence in the light most favorable to the plaintiff she was guilty of contributory negligence in numerous respects therein enumerated, each of which constituted contributory negligence and barred her from recovery. This ground of the motion is not briefed and is therefore waived.

The only ground of the motion to set aside the verdict which is briefed reads as follows:

> "Because the jury in rendering its verdict disregarded the evidence in the case, and especially the testimony of the plaintiff Myrtie Menard, as to passing the Jeep driven by the defendants, which testimony showed that she":

Thereafter are set forth a great many things that it is claimed that she did. One of the things that is stated is that she passed defendants' car on the right in violation of V. S. 47, § 10219, subsec. V but as this is not briefed it is waived.

The plaintiff points out that the ruling upon this motion was discretionary and claims that it is not reviewable. A motion to set aside a verdict on the ground that the jury disregarded the evidence is directed to the discretion of the trial court, and its ruling is not to be revised unless it is made to appear that the court failed or refused to exercise its discretion or abused it. *Rule* v. *Johnson,* 104 Vt 486, 490, 491, 162 A 383; *Lincoln* v. *C. V. Ry. Co.,* 82 Vt 187, 197, 72 A 821. The defendants have apparently misapprehended this ground of their motion and have briefed it on the theory that there is no evidence upon which the jury could have found the plaintiff free from contributory negligence, and that they were entitled to have the verdict set aside as a matter of law. They have not made it to appear or claimed that the court failed to exercise its discretion or

abused it in denying their motion. However, this is a close case and we will consider it as though the defendants had properly raised the question.

We need not quote the things relied upon in the motion, but will simply notice the argument advanced in support thereof. The defendants call attention to the evidence that immediately before the accident the plaintiff had been traveling on a wet and slippery road at the rate of about 35 miles per hour and gained speed knowing that she was on a curve, and that her wheels went off the pavement as indicated in our statement of the evidence, and claim that the physical facts of the force with which her car hit the tree establish that she did not comply with V. S. 47, § 10,219, sub-sec. IX, which in part provides that all curves shall be approached and entered with due care to avoid accident and all vehicles shall proceed with due care to avoid accident. They claim that the plaintiff's undisputed testimony, corroborated by the physical facts, clearly shows that she was not operating her car in a careful and prudent manner, but was operating it without due care to avoid accident. They further claim that she operated her car in violation of V. S. 47, § 10,283, providing that a motor vehicle shall not be operated on a public highway in a careless or negligent manner nor in a manner to endanger or jeopardize the safety, life or property of a person, in driving her car off the highway as she did. They claim that when her wheels went off the pavement a careful and prudent operator would have used her brakes for the purpose of slowing and stopping her car, and that the plaintiff didn't remember if she did so and that there is no evidence that she did apply them. As to the further claim that the plaintiff passed the jeep on a curve in violation of that part of V. S. 47, § 10,219, sub-sec. VI, that a vehicle shall not pass another on a curve where the view is in any wise obstructed, our attention is not called to any evidence that shows that the view ahead was obstructed.

Negligence cannot be imputed to one who is deceived by circumstances calculated to mislead a prudent person. *Bates* v. *Rutland Railroad Co.,* 105 Vt 394, 401, 165 A 923; *Lefebvre's Admr.* v. *Central Vermont Ry. Co.,* 97 Vt 342, 350, 123 A 211; *Boyden* v. *Fitchburg R R Co.,* 72 Vt 89, 94, 47 A 409. We think that the driving of the jeep across the center of the highway toward the entrance to the dirt road and the slackening of speed as though to enter it were circumstances which the jury could have found were

calculated to mislead a prudent person, and also that the plaintiff could reasonably assume that the jeep was going to turn into that road and that she could prudently proceed ahead on the right side of the highway and increase her speed slightly, as she did. The curve was a very gradual and slight one and the plaintiff's speed cannot be held to be excessive as a matter of law. We think also that the jury could reasonably find that when the jeep continued toward her after she sounded her horn she was confronted with a sudden and unexpected danger through no fault of her own, and that in driving off the road and losing control of her car and failing to apply her brake before she hit the tree was what a prudent person would or might have done under the circumstances. The law appreciates that one, who through no fault of his own, is confronted with a sudden peril, may do some things which, after it is all over, may seem to have been improper or even foolish. It gives him a reasonable opportunity to recover from the shock naturally resulting from such a situation, and affords him a reasonable opportunity to regain control of himself and his car before he can be charged with negligence. *Beatty* v. *Dunn,* 103 Vt 340, 343, 154 A 770; *Bennett* v. *Robertson,* 107 Vt 202, 214, 215, 177 A 625, 98 ALR 152. Under such circumstances he is not negligent if he does what a prudent man would or might have done. *Hatch* v. *Daniels,* 96 Vt 89, 95, 117 A 105. In view of the bump and rough area over which her car travelled we cannot hold as a matter of law that she should have regained control of her car before she hit the tree. All that the so-called physical facts of the damage resulting to her car indicate is that she did not regain such control. They may show that the car was then traveling at considerable speed, but not how fast with any certainty. For aught that appears the momentum of the car as it passed over the bump may have carried it against the tree with sufficient force to do all the damage resulting to it.

■ Under the circumstances it is enough for us to say that the record does not show that the discretion of the court in denying this motion was exercised on grounds, or for reasons clearly untenable, or to an extent clearly unreasonable, without which no abuse of discretion is made to appear. *Belock* v. *State Mutual Fire Ins. Co.,* 106 Vt 435, 444, 175 A 19, and cases cited.

No error is made to appear. *Judgment affirmed.*