## Lawrence Welch v. Clayton Stowell

[159 A.2d 75]

January Term, 1960

Present: Hulburd, C. J., Holden, Shangraw and Barney, JJ. and Divoll, Supr. J.

Opinion Filed March 2, 1960

*C. O. Granai* for the defendant.

*Paterson & Eldredge* for the plaintiff.

**Holden, J.** This appeal arises from a collision at a highway intersection, when the defendant turned left in front of the plaintiff's approaching car. The accident happened after dark, early in the evening of December 1, 1955. The plaintiff seeks to recover the damage inflicted upon his 1952 Pontiac sedan while it was being operated by his son, Reginald Welch, as the son and his wife were traveling to their home in East Burke, on Route 114. The defendant approached the intersection from the opposite direction on the same highway. The defendant slowed his car to make a left turn into the adjoining highway. The defendant testified he saw the plaintiff's car approaching as he started to make the turn. Before the defendant had completed the turn and passed beyond the center line of the highway, he stopped his car and his vehicle came to a halt in a position perpendicular to the line of travel of the lane he was seeking to cross.

The operator of the plaintiff's car, Reginald Welch, testified he did not see the defendant's car until he was within a hundred to one hundred fifty feet of the vehicle. The collision occurred as Welch swerved to the right in an unsuccessful effort to pass in front of the defendant. The left front of the plaintiff's car struck the right front of the defendant's car, causing the defendant's car to be thrust in counter-clockwise direction a distance of about thirty feet. The frame of the defendant's car was sprung and its radiator smashed by the

impact. The plaintiff's car was substantially damaged as it hit the defendant on the left front, and the guard rail on the right. The application of the plaintiff's brakes left dual skid marks, twenty five feet in length extending into the entrance of the intersection.

At the scene of this accident, Route 114 curves to the north, and left, to the operator of the Welch car. To his right and immediately east of the highway, the Passumpsic River nearly reaches the outside arc of the bend in the road. The intersection which the defendant sought to enter joins Route 114 unilaterally and at right angles. The bridge is on the side road, located just off Route 114 in such a way that the approaches or apron of the bridge form the junction.

■ The jury found for the plaintiff. The defendant moved to set the verdict aside and requested judgment of no liability on the ground of the negligent operation of the plaintiff's vehicle. To the denial of this motion, the defendant appeals and confines his assignment of error to the single question of whether the operator of the plaintiff's car was guilty of contributory negligence as a matter of law. This question is the same, in nature and substance, as a motion for a directed verdict. Hence we have stated the facts as we gather them from the evidence, in the view most favorable to the plaintiff. *Duchaine* v. *Ray*, 110 Vt. 313, 318, 6 A.2d 28; *Belock* v. *State Mutual Fire Insurance Co.*, 106 Vt. 435, 440, 175 A. 19.

Reginald Welch testified that the headlights on his father's car were such that he could pick up an object at night at a distance of two hundred feet. The defendant maintains that since his car first came into Welch's sight, at a distance of one hundred fifty feet, the inability of Welch to stop without collision concludes the issue of contributory negligence in the defendant's favor.

■■ The defendant correctly states the general rule of law that a motor vehicle operator is required to control his speed to enable him to stop within the distance he can see ahead. And when traveling at night, the operator is required

to be able to stop within the distance of the vehicle's headlights. *Hastings* v. *Soule,* 118 Vt. 105, 108, 100 A.2d 577; *Steele* v. *Fuller,* 104 Vt. 303, 308, 158 A. 666.

■ Furthermore, the plaintiff's operator was required to maintain a constant watch for persons and property in the highway, and the law charged him with vision of objects in the highway that are in plain view. *Kennedy* v.*Laramee,* 115 Vt. 358, 362, 61 A.2d 547; *Hastings* v. *Soule, supra,* 118 Vt. at 108, 100 A.2d at 579; *Smith* v. *Grove,* 119 Vt. 106, 111, 119 A.2d 880.

■ Yet these rules are not hard and fast, nor absolute in application to all circumstances. *Chaffee* v. *Duclos,* 105 Vt. 384, 386, 166 A. 2; *French* v. *Nelson,* 111 Vt. 386, 391, 17 A.2d 323. They are safety rules and are guides to the main issue of whether the actor's conduct meets the standard required of a reasonably prudent man under the circumstances. *Jasmin* v. *Parker,* 102 Vt. 405, 416, 148 A. 874; *Steele* v. *Fuller, supra,* 104 Vt. at 308, 158 A. at 668.

■ ■ If the jury regarded the setting of this accident capable of obscuring or deceiving the vision of an operator of reasonable prudence, it was proper for them to relieve the plaintiff of the requirement that his operator should have been able to stop to avoid collision with any object in the range of the headlights. *Hatch* v. *Daniels,* 96 Vt. 89, 93, 117 A. 105; *Chaffee* v *Duclos, supra,* 105 Vt. at 386, 166 A.at 3. Negligence cannot be attributed to an operator who is mislead by circumstances which might misdirect a person of prudent vision. *Menard* v. *Blanchard,* 117 Vt. 384, 389, 92 A.2d 616; *Bates* v. *Rutland Railroad Co.,* 105 Vt. 394, 401, 165 A. 923.

This accident occurred on an open curve. The plan of the accident offered by the defendant permitted the inference that the location of the defendant's car in relation to the curve prevented the obstruction from coming into plain view within the maximum range of the plaintiff's headlights. Moreover, the defendant's lights were directed away from the on-coming vehicle and through the bridge, perpendicular to the plaintiff's

line of travel.   As we have seen, the driver of the plaintiff's car discovered the defendant across his pathway at a distance of one hundred to one hundred fifty feet.   In view of the defendant's position in relation to the topography of the site of the accident, it was for the jury to say whether Welch should have made an earlier observation of the predicament that confronted him.   In this, the jury could give the plaintiff the benefit of the improbability that the defendant would halt his car on the wrong side of the road.   From these considerations, the jury might well have found  that the defendant's true position was deceptive.   *Hatch* v. *Daniels, supra* 96 Vt. 93, 117 A. 107.

The physical facts, including the plaintiff's skid marks, the rearward thrust of the defendant's vehicle on impact, and the extensive damage to both vehicles indicate that the speed of the plaintiff's car was rapid.   The operator testified it was forty miles an hour.   The defendant said sixty five.   The physical facts can be reconciled with either speed indicated. See *Ellison* v. *Colby*, 110 Vt. 431, 436, 8 A.2d 637.   It was for the triers of the fact to say at what speed the Welch car was proceeding as it rounded the bend in the road to come upon the defendant.   Only the jury could settle the conflict in the evidence in resolving the main question of whether the plaintiff's operator achieved the standard of a prudent operator. *Hatch* v. *Daniels, supra*, 96 Vt. at 95, 117 A. at 108.   And we cannot say, against their verdict, that their decision was in error as a matter of law.   *Chaffee* v. *Duclos, supra*, 105 Vt. at 389, 166 A. at 4.

This result makes it unnecessary to consider the question of imputed contributory negligence.   Save for an exception by the plaintiff to the court's instruction on this issue, the trial proceeded on the theory that any contributory negligence on the part of the plaintiff's son would bar the plaintiff's recovery. The instruction given was favorable to the defendant.   If it was in error as to the plaintiff, it was rendered harmless by the verdict.

*Judgment affirmed.*