### Clifton Cheney et al v. Sumner Wheeler

( 170 A.2d 642 )

March Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed April 3, 1961

*C. O. Granai* for the plaintiffs.

*McNamara & Larrow* for the defendant.

**Shangraw, J.** Clifton Cheney, a boy three years and seven months old was struck and injured on October 26, 1956, by a Dodge pick-up truck owned and operated by the defendant. This is an action of tort brought by the father, Merton Cheney, as next friend of his minor son, and also in the father's own right. In count one, the father, on behalf of his minor child, seeks to recover damages for injuries alleged to have been sustained by the negligence of the defendant. In count two, the father seeks to recover for expenses incurred by him as a result of his son's injuries.

A trial was had by jury. At the close of the plaintiff's case the defendant moved for a directed verdict on the following grounds: Count one, that there was no evidence from which the jury could properly find that there was negligence on the part of the defendant; and, on the second count, for the additional ground that the evidence was conclusive that there was negligence on the part of the father which was a proximate cause of the accident and which barred his recovery. The motion for a directed verdict was granted on each count and judgment entered thereon. The case is here on plaintiff's appeal.

The accident occurred at about 5:30 in the afternoon on a gravel highway located westerly and in front of the Eastman farm house, situated in the town of Northfield, Vermont. This house is about thirty feet easterly of the road. The lawn in front of the house is higher than the highway with a gradual slope towards the road. A barn was located directly across the road from the house and at this point the road widened out to about eighteen feet due to a travelled space in front of the barn. At the time the accident happened two

trucks were parked next to the barn on the westerly side of the road and outside the wheel track. This highway was a single-track road.

For a period of about fifteen minutes prior to the accident the father, Merton Cheney, was standing near the center of the lawn accompanied by Mr. Frazier and Mr. Eastman. Mr. Cheney's back was pointed in a southerly direction—the direction from which the defendant's truck approached the Eastman farm premises. During this period Clifton, and his brother, Merton, Jr., age eight years old, were playing on the lawn in back of their father.

When proceeding northerly on the highway, and a distance of 150 feet southerly of the lawn, the defendant observed Mr. Cheney, Mr. Frazier, and Mr. Eastman on the lawn. He also saw the two children who were then on the lawn about twenty feet easterly from the easterly edge of the highway. The road was slightly up-grade in approaching the Eastman house. The defendant testified that there were no obstacles in the road; that he passed no on-coming cars; and that his view of the road and lawn was unobstructed at all times. Mr. Wheeler, the defendant, also testified that in approaching the Eastman premises he was observing pot holes in the road, looked straight ahead, and did not again see the men, nor the children, until Clifton was hit by his truck. The lawn and the road were at all times within his range of vision.

The defendant was travelling about fifteen to twenty miles per hour in the center of the road. Clifton was hit by the right front wheel or back of the right front wheel of the truck. This accident occurred directly in front of the lawn and in the highway at a point about three feet from the westerly line of the lawn. There is no evidence that any signal or warning was given by the defendant of his approach. While the father testified that he "must have" heard the defendant's truck coming he had no distinct recollection of having heard the approach of the truck. He did not see the defendant's truck until the boy was hit. His first observance of Clifton during the time he was on the lawn was when the accident happened.

■ In passing upon a motion for a directed verdict, the evidence must be taken in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. If there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim, the question is for the jury. *Austin* v. *Bundy,* 122 Vt. 111,

165 A.2d 236; *Benoit* v. *Marvin,* 120 Vt. 201, 203, 138 A.2d 312; *Ready* v. *Peters,* 119 Vt. 10, 11, 117 A.2d 374.

While the plaintiff has alleged several grounds of negligence on the part of the defendant, the primary claim is made that the injured boy was at all times within the defendant's range of vision, and that he was chargeable with the sight of objects in plain view. *Dashnow* v. *Myers,* 121 Vt. 273, 281, 155 A.2d 859; *Senecal* v. *Bleau,* 108 Vt. 486, 494, 189 A. 139; *Steele* v. *Fuller,* 104 Vt. 303, 309, 158 A. 666. As stated in *Steele* v. *Fuller, supra,* at page 309, "One rule is that there is a duty at all times imposed upon the operator of a motor vehicle to maintain a lookout for persons and property on the highways, and to use reasonable care to avoid inflicting injuries on such persons or property." The law charged the defendant with vision of objects in the highway that were in plain view. *Welch* v. *Stowell,* 121 Vt. 381, 384, 159 A.2d 75. These are safety rules and are guides to the main issue of whether the actor's conduct meets the standard required of a reasonably prudent man under the circumstances. *Welch* v. *Stowell, supra,* at p. 384.

In this case the defendant saw the children playing on the lawn when he was 150 feet southerly of the house. He then became charged with the common knowledge that very young children are erratic and likely to move quickly and without regard for their own safety. *Callahan, b.n.f.* v. *Disorda,* 111 Vt. 331, 337, 16 A.2d 179. He then knew that Clifton was in the immediate neighborhood of the road. It then became his duty to take any and all precautions that a prudent person would take under like circumstances. No signal or warning of his approach appears to have been given. Having knowledge of the child's presence in close proximity to the highway, and the boy's likelihood to act suddenly and unpredictably, under the facts in this case it clearly became a jury question as to whether the defendant exercised the precautions that a prudent person was called upon to take. The fact that the child thereafter got into the road without being seen at all by the defendant is some evidence that the defendant was not watching the road as claimed in his testimony.

The defendant urges lack of negligence on the part of the defendant by way of a defense to counts one and two. He also claims that the plaintiff is barred from recovery of his expenses under count two, urging contributory negligence on the part of the father in failing to

watch and protect the child. In view of the circumstances we cannot say that the defendant was not negligent as a matter of law, nor can it be said as a matter of law that the father was guilty of such negligence as constituted a bar to his recovery for expenses under count two. The facts were for the jury to determine. There was error in directing a verdict on each count.

*The judgment is reversed and the cause remanded.*