### Everett H. Smith v. Blow and Cote, Inc.

[196 A.2d 489]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Ready & Brown* for the plaintiff.

*Theriault & Joslin* for the defendant.

■ **Smith, J.** This is an action of tort for damages brought by reason of a collision between a tractor-trailer dump truck, owned by the defendant and operated by one Philip Marshia, its employee, and a motor vehicle owned and operated by the plaintiff. Jury trial in the Washington County Court resulted in verdict and judgment for the plaintiff. The case is here on the defendant's exceptions to the denial of its motion for a verdict directed in its favor at the close of all the evidence in the court below, as well as the lower court's denial of a later motion made by defendant, after verdict, that the verdict be set aside and judgment entered for the defendant. The motion of the defendant for judgment in its favor, notwithstanding the verdict, is in substance and nature the same as its motion for a directed verdict, and we will so treat it here. *Welch* v. *Stowell,* 121 Vt. 381, 383, 159 A.2d 75.

The accident in question took place on March 23, 1961, in the nighttime, on Route 2, between the villages of Bolton and Waterbury. The truck of the defendant was parked partially upon the highway, and the accident took place when the car of the plaintiff, travelling in a southerly direction, came in collision with the tailgate of the defendant's truck which protruded some three feet two inches into the right hand lane being travelled by the plaintiff.

The motion for a verdict directed in its favor made by the defendant was based upon two grounds. The first ground was "that there is no evidence of defendant Blow and Cote's negligence in any of the respects alleged which was a proximate cause of the accident complained of." The second ground was "that the plaintiff, Everett H. Smith, was guilty of negligence proximately contributing to the cause of the accident."

In considering the grounds of this appeal we must take the evidence in the light most favorable to the prevailing party, and the effect of modifying evidence must be excluded. The weight of the evidence and the credibility of the witnesses are for the jury to determine, and all conflicts are to be resolved against the excepting party. The motion cannot be granted if there is any evidence fairly and reasonably tending to justify the verdict. *Langevin* v. *Gilman,* 121 Vt. 440, 445, 159 A.2d 340.

The evidence disclosed that on the night in question defendant's driver, Philip Marshia, was driving the truck owned by the defendant in a southerly direction from Bolton Village toward Waterbury. The truck was a dark green in color, with tires of the same blackness as the pavement upon which it was travelling, and with the tailgate of the truck obscured with mud and stone dust.

At a point in his progress the driver noticed that the lights on the truck was starting to blink on and off, and after proceeding down a long grade he stopped his truck on a reasonably level and straight part of Route 2, popularly known as "Bolton Flats." He pulled his truck as far to the right of the highway as was possible at his stopping point, but three feet two inches of the truck still extended into the right hand lane of travel. A side road ran off Route 2 toward a quarry a short distance south of the point where the driver parked his truck, which would have allowed him to park his truck entirely off Route 2. This road was known to the driver but he did not see fit to use it at that time, although after the accident he availed himself of this side road to turn his truck around.

The truck was parked in the place and position described for some fifteen minutes before it was struck by the vehicle of the plaintiff. During this period of time the truck was without lights of any kind, nor were flares placed along the road by defendant's driver. The evidence was that the driver was standing on the front bumper of the truck during this period, making adjustments of some nature under the hood of the vehicle, with the aid of a flashlight.

The highway at the point where the accident occurred was 22 feet four inches wide, with a six-foot shoulder easterly of the north bound lane. The road is straight for more than 1,000 feet northerly from the point of impact but a downgrade of the road ended only 100 feet southerly of the same point.

Stopping or parking a vehicle upon the used portion of a highway so as to interfere with traffic on such highway, is a violation of 23 V.S.A. §1044, one of the so-called safety statutes. Other such safety statutes are 23 V.S.A. §§1303-1304 providing that trucks shall carry flares, and which also provide that such lighted flares shall be set out along the highway at stated intervals when a truck is disabled on a travelled portion of the highway at a time when lights should be displayed on such a vehicle.

It is true, as the defendant suggests, that the stopping of a vehicle on the public highway "does not constitute negligence unless the halting of the vehicle was the proximate cause of the accident that followed." *Young* v. *Lamson,* 121 Vt. 474, 478, 479, 160 A.2d 873. But, as the same opinion goes on to say, "It was their (the jury's) province to find whether the defendant's vehicle was halted in such a way that it interfered with the movement of traffic and whether the interference caused the accident within the sense of the statute."

The evidence that the truck of the defendant was parked in such a manner as to partially obstruct the highway for a considerable length of time in the nighttime, without lights, and with no warning flares set out on the road, constituted a violation of the safety statutes. Such violation of the safety statutes made out a prima facie case of negligence on the part of the defendant. *Smith* v. *Grove,* 119 Vt. 106, 111, 119 A.2d 880. The answer to the question of whether such negligence was the proximate cause of the accident depended upon the determination of the jury whether the truck of the defendant was left standing in the highway in such a way that it obstructed traffic within the statutory prohibition, and whether the interference caused the accident within the meaning of the statute.

The question of whether the violation of the safety statutes, and the acts of negligence on the part of the defendant, were the proximate cause of the accident, was one of fact for the jury and the lower court was correct in denying this ground of the defendant's motion.

We now turn to consideration of the lower court's denial of defendant's motion for a directed verdict on the second ground that plaintiff's contributory negligence contributed to the proximate cause of the accident.

Under 12 V.S.A. §1024, contributory negligence is now an affirmative defense to be set forth and established by the defendant.

Plaintiff was driving at a speed of 40-55 mph. as he drove southerly on Route 2. His headlights were on full beam and would illuminate objects on the highway 200 to 250 feet ahead on a level surface. As he started down the grade toward Bolton Flats, where defendant's truck was parked, he picked up a little speed.

Evidence in the case indicated that as the plaintiff's car descended the grade his lights shone only on the grade ahead, with such illumination extending only 71 feet ahead of the car at one point. The testimony was that the headlights of a car descending the grade in question would not illuminate the level part of the road where defendant's truck was parked until both front and rear wheels of such vehicle were on the level.

As the plaintiff came down the grade and on to the level toward the truck of the defendant there were no other cars on the highway either progressing toward him or coming from his rear. He saw no lights nor flares to indicate the location of a parked vehicle ahead of him.

It was the plaintiff's testimony that he observed the truck of the defendant only a fraction of a second before the accident and when it was only some 30 to 40 feet away. He attempted to swing to the left, but hit that part of the truck which extended into the highway and came to a stop some 100 feet further along the highway.

A Mr. Champney, who had passed the truck of the defendant five minutes before the accident, travelling in the same direction as the plaintiff, testified that he did not see the defendant's truck until his "lights came up" and he was then only about 30 feet from it. Both witnesses testified to the dark color of the truck, its covering of dirt and dust, the absence of lights and its low visibility.

The defendant claims that plaintiff's violation of certain safety rules proved plaintiff contributorily negligent as a matter of law, which negligence was a part of the proximate cause of the accident. The violations claimed are (1) that the plaintiff did not so control his speed as to enable him to stop within the distance of his vehicle's headlights; (2) that plaintiff violated his duty to maintain a constant watch for persons and property on the highway; and (3) that he

was charged with knowledge of objects in the highway that are in plain view.

But, as before stated in this opinion, safety rules are not hard and fast, nor absolute in application to all circumstances. They are guides to the main issue of whether the actor's conduct meets the standard required of a prudent man under the circumstances. *Welch v. Stowell,* 121 Vt. 381, 384, 159 A.2d 75, 77.

If a jury finds that the setting of an accident is such that it is capable of obscuring or deceiving the vision of a prudent operator, it is proper for them to relieve the operator of the requirement that he must be able to stop to avoid collision with an object within range of his headlights. So, too, circumstances which might misdirect a person of prudent vision do not serve to attribute negligence to an operator who is misled by such circumstances. *Welch v. Stowell, supra; Chaffee v. Duclos,* 105 Vt. 384, 386, 166 Atl. 2.

The plaintiff was confronted with circumstances here which a jury could have found to be misleading to the most prudent operator. One such circumstance was the absence of any lights upon the truck, although the driver of the truck testified that such lights, if lit, would make the truck visible at a distance of 5,000 feet. Another such circumstance was the absence of any warning flares to mark the unlighted truck. Still another circumstance was the dark color of the truck, its black tires and dirty condition, constituting a non-reflective surface.

Completely lacking here, through the acts or omissions of the defendant, was the warning of approaching danger, required under the statute, as well as that which would normally be given by one "who in the exercise of due care was deliberately carrying on an activity which would tend to partially block the highway for a considerable length of time." *Slate v. Hogback Mountain Ski Lift,* 122 Vt. 8, 11, 163 A.2d 851.

The defendant has offered no evidence that the plaintiff was operating at such speed and under such control that he would not have been able to stop had such required warning of approaching danger been given him.

The recent case of *Slate v. Hogback Mountain Ski Lift,* cited above, makes clear that the traveller on the highway is imposed only with the duty of ordinary care. The duty is not forced upon him of such extraordinary care that he must travel upon the highway

under the assumption that the highway is liable to be obstructed, and so travel in such a manner that he will not collide with any obstruction upon the road no matter how negligently such obstruction might have been created and maintained.

It was proper for the jury, under the circumstances existing, to determine whether the plaintiff acted as a prudent man would act under the same circumstances. It was also proper for them, if they saw fit, to relieve the plaintiff of the general requirement that an operator should be able to stop in time to avoid collision with an object in range of his vision. *Slate* v. *Hogback Mountain Ski Lift, supra; Welch* v. *Stowell, supra.*

The lower court was correct in submitting the question of the plaintiff's contributory negligence to the jury, and in denying the motion of the defendant.

*Judgment affirmed.*