CHARLES W. GUSTIN *vs*. JOHN ASSKOV.

Androscoggin County.    Decided August 12, 1930.    The motorcycle of the plaintiff, while he himself was operating it, and an automotive truck, owned and then being operated by the defendant, were in collision on a highway in the western part of the town of Falmouth, on August 24, 1929.

Plaintiff, who sustained a broken left leg besides minor physical injuries, and whose motorcycle was somewhat damaged, has a verdict for $1,477.50.

At the trial, counsel for the defendant saved three exceptions, but the exceptions are not pressed. The case is presented, however, on general motion for a new trial.

Plaintiff and defendant were traveling the highway, each on his own proper side, in opposite directions. The jury could find, from sufficient evidence of probative nature, that, to enter a driveway, defendant turned his truck diagonally to the left and, proceeding without warning or notice across the road, in the direction of the

mouth of the driveway, crossed the path of the plaintiff, who, on seeing the truck, swerved, in effort to avoid collision, to the extreme right of the cement pavement.

The evidence, and the justifiable inferences, warranted finding, in rational rather than in distinctively mechanical conclusion, that the defendant did not act with the care expected of a man of ordinary prudence under the same or similar circumstances, in consequence whereof personal injury and property damage resulted to the plaintiff, who was acting with reasonable prudence and care.

Quite naturally, each member of the jury panel may well have asked himself why, at whichever of the distances, on his own version, defendant, when crossing the street, saw the motorcycle approaching, did defendant not stop his truck instead of attempting to cross, in danger imminent, in front of the motorcycle. Surely, as the jury could have found, opportunity to stop was ample, the motorcycle, as against the truck, having the right of way, and the truck, as defendant maintains, being all the while practically motionless.

Whether the defendant was guilty of negligence was under the circumstances a question of fact. This question the jury has answered affirmatively. Whether the plaintiff was guilty of contributory negligence was also a question of fact. The answer of the jury is in the negative. The answers must stand.

The award of damages is not clearly excessive. Actual pecuniary loss for medical and hospital expenses, and lost wages for a period of six weeks, is $399.00. Counsel for defendant makes the point that if plaintiff had earned wages during the period he would have incurred, in connection with earning the wages, expenses of $144.00. Even so, pecuniary loss is $255.00. The leg was broken in three places. Plaintiff testifies his ankle is still stiff. The doctors differ as to the time it is probable plaintiff will again have normal use of his limb. One year, two, five, maybe ten years, are the opinions in evidence, with a possibility of rheumatism meanwhile.

This is one of a class of cases in which it is difficult to establish the damages. One jury might fix the damages at one sum, and another at a different sum, and yet both act honestly. In such a case, the verdict is not disturbable. Exceptions overruled. Motion

overruled. *Harris M. Isaacson*, for plaintiff. *Eugene F. Martin*, for defendant.