## State of Vermont v. Richard E. Bradbury

[110 A2d 710]

Special Term at Rutland, November, 1955.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed January 4, 1955.

*John G. Kristensen* for the defendant.

*John S. Burgess*, State's Attorney, for the State.

**Jeffords, J.** The stipulated facts in this case are as follows: A state trooper observed two men scuffling next to an automobile which had been parked off the road. He arrested them for breach of the peace and the respondent who was standing beside the car was arrested for intoxication. The next day all three entered pleas of guilty in the Bellows Falls Municipal Court. Later the trooper was led to believe that the respondent had been the operator of the above mentioned car from Bellows Falls to the place where the scuffle occurred. This belief of the trooper led to the issuance of a complaint of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor.

Upon arraignment the respondent entered a plea in bar of *autrefois convict* to prosecution under this complaint and one of not guilty. The first is based upon his former conviction of the offence of intoxication. A hearing was had on this plea. The plea was dismissed with exceptions to the respondent and the cause was passed to this Court before final judgment pursuant to the provisions of V. S. 47, §2124.

The sole question here presented is whether a conviction of the offense of intoxication is a bar to a later prosecution for operating a motor vehicle while under the influence of intoxicating liquor during the same period of time of his intoxication.

The respondent relies largely, if not wholly, in support of his claim of former jeopardy on the case of *State* v. *Smith,* 43 Vt 324. In that case the question was whether a conviction for attempt to commit rape would bar a subsequent pro-

secution for rape. In holding that it would, the Court at pages 325 and 327 spoke as follows:

"There is considerable conflict of the authorities upon this subject, but we think the rule is now well established, that when one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other."

The Court also stated:

"The crime of rape cannot be committed without an assault with an intent to do the act. They constitute the essence of the crime, and a party cannot be convicted of both without being twice convicted of one; and as the party may be convicted of the lesser offense, such conviction must necessarily be a bar to a prosecution for the greater. And this we think is the more salutary rule, the one that in practice best protects the rights of the individual, and secures the public."

The rule stated in the first of the above quoted paragraphs has been followed in later cases some of which hereinafter will be mentioned.

The respondent says that the main point in issue in the present case is whether or not the offense of intoxication is a necessary element in and constitutes an essential part of the offense of operating a motor vehicle while under the influence of intoxicating liquor. As an aid in determining this question it is necessary to examine the statutes creating these offenses.

The statute relating to intoxication is V. S. 47, §6175. The material portion of this statute is as follows: "When a person is found in such a state of intoxication as to disturb the public or domestic peace and tranquility."

The offense of which the respondent is now charged is set forth in V. S. 47, §10287. We have held that a person

operating a motor vehicle while in the slightest degree under the influence of intoxicating liquor is within the prohibition of that statute. *State* v. *Hedding*, 114 Vt 212, 215, 42 A2d 438; *State* v. *Storrs*, 105 Vt 180, 185, 163 A 560.

■ A plea of former conviction must be upon a prosecution for the identical crime, and must make it to appear that the offenses charged in both cases are the same in law as well as in fact. The same act may constitute two separate crimes, and, if they are not so related that one of them is a constitutent part, or necessary element, in the other, so that both are in fact one transaction, a prosecution and conviction may be had for each offense. It is not a second jeopardy for the same act, but a second jeopardy for the same offense that is prohibited. *State* v. *O'Brien*, 106 Vt 97, 104, 170 A 98. The case of *State* v. *Smith*, among others, is cited in support of the second of the above sentences.

■ ■ It is apparent that in the present case the two offenses are not identical nor are they the same in law and in fact. Applying the rule or test in the Smith case it is clear that a conviction of the offense of intoxication does not bar a prosecution for the offense of driving a motor vehicle while under the influence of intoxicating liquor. In the first offense there must not only be intoxication but also disturbance of the peace to warrant a conviction. The requirement of this latter fact demonstrates beyond question that this offense is not a necessary element in, nor an essential part of, the offense now charged. Moreover, intoxication means more than being under the influence of intoxicating liquor. *Ackerman* v. *Kogut*, 117 Vt 40, 46, 84 A2d 131. The offense of driving while under the influence can be committed without the commission of that of intoxication. The rule in the Smith case does not here apply.

The crime with which the respondent is now charged is different in kind and degree from the one to which he pleaded guilty. The two crimes were created by distinct and independent statutes. As we have seen, the two offenses are not identical nor are they the same in law and in fact. We have also shown that the offense of intoxication is not a necessary

element in, nor an essential part of, the offense now charged. Hence, we hold that the former conviction of the respondent, as pleaded, is not a bar to the prosecution of the offense with which he is now charged. The case of *State* v. *Lincoln*, 50 Vt 644, in which State v. Smith is distinguished is full authority for this holding. For a case in point see *State* v. *Garcia*, 198 Iowa 744, 200 NW 201.

*Exceptions overruled and cause remanded.*