City of Evanston, a Municipal Corporation, Plaintiff-Appellant, v. Ronald D. Jaman, Defendant-Appellee.

Gen. No. M–51,016.

First District, First Division.

October 30, 1967.

Rehearing denied November 22, 1967.

Jack M. Siegel, Corporation Counsel, of Evanston (Russell A. Behrens and Lester A. Bonaguro, Assistant Corporation Counsel, of counsel), for appellant.

Matthew L. Salita and Sidney Z. Karasik, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Ronald D. Jaman was arrested in the City of Evanston on November 7, 1964, at about 1:55 a. m., on a charge of violating an ordinance of Evanston making it "unlawful and punishable . . . for any person who is under the influence of intoxicating liquor . . . to drive any vehicle within the city." (C 27, § 27–78, Evanston City. Code.) After hearing all the evidence, the trial court stated: "Based on the testimony presented here, this court sentences the defendant to six months supervision." The Attorney for Evanston asked the court to enter a finding of guilty or not guilty. The judge replied: "No finding for the record." The City of Evanston then filed a writ-

ten motion to vacate the court's order of "supervision" claiming said order to be void. After hearing arguments and reviewing authorities submitted by the City of Evanston, the court denied leave to file the motion.

On September 16, 1965, the court entered an order discharging the defendant from supervision. The City of Evanston then filed a motion asking for clarification of the court's order of supervision and subsequent discharge, or in the alternative, a new trial. On September 23, 1965, the trial court entered an order finding the defendant "not guilty" of the offense charged and denied the motion for a new trial. The City appeals from that order and judgment contending that the order of supervision is a void order; that the guilt of the defendant was proved by a preponderance of evidence and; that the court's finding is contrary to the manifest weight of the evidence.

Defendant filed a motion to dismiss the appeal on the ground that the City has no right to appeal from an order discharging a defendant charged with a violation of a penal ordinance and that a reversal of the finding of not guilty with a remand for a new trial would place the defendant in double jeopardy. This court has taken this motion with the case. The defendant further contends that the appeal is subject to be dismissed because the complaint and summons were fatally defective since the action was brought in the name of the People of the State of Illinois, instead of the City of Evanston.

██ ██ Let us consider first whether the City of Evanston has a right of appeal and whether a reversal of the finding of not guilty could place the defendant in double jeopardy. Both of these questions have been answered adversely to defendant's position by the Illinois Supreme Court in the Village of Park Forest v. Bragg, 38 Ill2d 225, 230 NE2d 868, wherein Justice Underwood stated:

"Before reaching the merits of the appellate court's ruling, it must first be determined whether

443

the village could properly seek review of the magistrate's decision. If violation of a municipal ordinance is subject to Supreme Court Rule 604 (formerly Rule 27(4)), no appeal from the order of suspension could properly be taken. In Village of Maywood v. Houston, 10 Ill2d 117, we passed on this precise question and also on the question of whether a double jeopardy problem is created if municipalities may appeal adverse decisions in ordinance cases as in ordinary civil suits. We there held that the village, without violating the defendant's constitutional rights, could properly appeal from a judgment acquitting him, adhering to the classification of an ordinance violation prosecution as being quasi-criminal in character, but civil in form. In passing on the constitutional question, we held that double jeopardy does not bar an appeal by the municipality. Palko v. Connecticut, 302 US 319, 82 L Ed 288."

Defendant, relying on the decision in City of Chicago v. Berg, 48 Ill App2d 251, 199 NE2d 49 (1964), contends that this "appeal is subject to dismissal because the complaint and summons were fatally defective, the action having been brought in the name of the People of the State of Illinois, instead of City of Evanston." The Berg case is not applicable here. The name of the City of Chicago as plaintiff did not appear on the complaint in the Berg case, whereas in the instant case the name of the City of Evanston is on the line preceding the phrase "a Municipal Corporation, Plaintiff." The opinions in the Berg case and in People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381 (1962), also cited by the defendant, were based on the provision of article VI, section 33 of the Illinois Constitution, then in effect, requiring prosecutions to be carried on "in the name of the People of the State of Illinois." That constitutional requirement no longer exists. In our opinion the complaint and sum-

mons herein were adequate and sufficient to give the trial court jurisdiction.

The City of Evanston contends that the trial court's order of supervision is a void order and that the court had no right to enter it. It is true that the ordinance under which the defendant was tried made no provision for supervision. It provided that a violation thereof is punishable by a specified fine. However, the question of whether the order of supervision was within the court's powers or was a nullity is now moot. The defendant has been discharged and a finding of not guilty has been entered. Any comment by this court on the supervision order can have no legal effect on the present controversy. Mills v. Green, 159 US 651 (1895) ; Chicago City Bank & Trust Co. v. Board of Education, 386 Ill 508, 54 NE2d 498 (1944).

The City of Evanston contended that the defendant was proved guilty by a clear preponderance of evidence. City of Chicago v. Joyce, 38 Ill2d 368, 232 NE2d 289. The police officers testified that they detected the odor of alcoholic beverages; observed that the defendant was unsteady on his feet; that he was unable to walk steadily along a one-inch wide white line; was "uncertain" in the finger to nose test; that in the opinion of the officers, defendant was under the influence of an intoxicating beverage, and that his ability to operate a motor vehicle was impaired. The result of the chemical test (commonly known as the Breathalyzer test) to which the defendant submitted, showed that he had 0.18% of alcohol in his blood. Section 47 of the Motor Vehicle Act (Ill Rev Stats 1965, c 95½, § 144) provides that 0.15% or more of alcohol in a person's blood shall create a presumption of being under the influence of intoxicating liquor. It is the City's position that defendant never overcame this presumption.

The defendant is a 19-year-old college student. He testified that he was studying from 8:00 o'clock until

11:00 o'clock on the night in question. He and a date then went to a restaurant where he admitted having two or three seven-ounce beers and a pizza. This took place over a two-hour period. Defendant drove his date home and was proceeding toward his own home when another car, attempting to pass, cut in front of him forcing defendant to swerve and crash into a parked automobile. The force of the impact was such that defendant hit his head against the steering wheel, breaking the steering wheel and causing his lip, cheek and nose to bleed. His face felt numb, even after the police officers arrived on the scene. He felt dizzy and numb during the entire time the police were talking to him. Defendant had an asthmatic condition for which he took prescription medication, "Teteral" pills. He testified that the pills make him feel woozy and this fact was communicated to the Police officers.

The testimony of defendant, if believed, is sufficient to explain the visual observations of the police officers with respect to the fact that defendant appeared unsteady, was unable to walk a straight line and was uncertain in the finger to nose test. The testimony of the amount of beer consumed over a two-hour period around 11:00 o'clock in the evening, with the accident occurring some three hours later, was sufficient to overcome the presumption arising from the Breathalyzer test. These were proper questions for the trier of fact.

We do not agree with the City's contention that the defendant was proved guilty by the clear preponderance of evidence. A reviewing court should be hesitant to reverse a finding of not guilty made by the trial court. The Illinois Supreme Court in Schulenburg v. Signatrol, Inc., 37 Ill2d 352, 226 NE2d 624 (1967), said:

"Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the

holding of the trial court is manifestly against the weight of the evidence. (Brown v. Zimmerman, 18 Ill2d 94, 102; Illinois Nat. Bank & Trust Co. of Rockford v. County of Winnebago, 19 Ill2d 487, 495; Mortell v. Beckman, 16 Ill2d 209.) Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion." (P 356.)

The decision of the Circuit Court of Cook County, Second Municipal District is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.