**City of Evanston, a Municipal Corporation, Plaintiff-Appellant, v. Thomas R. Waggoner, Defendant-Appellee.**

**Gen. No. M–51,126.**

First District, First Division.

November 20, 1967.

Jack M. Siegel, Corporation Counsel, of Evanston, for appellant.

Thomas E. Crowley, of Glenview, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is an appeal by the City of Evanston from a judgment of not guilty in a quasi-criminal action brought

by the plaintiff against the defendant for violating section 27–78 of "The Code of the City of Evanston, Ill., 1957," as amended. Said section makes it unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle within the City. The defendant pleaded not guilty and waived trial by jury.

On Saturday, October 16, 1955, the defendant, aged 20, and Joan Tumpson, aged 19, attended a party on Sheridan Road near Howard Street in Chicago. The party started shortly after 9 o'clock. The defendant drank 2 or 3 steins of beer at the party, Miss Tumpson taking a sip out of each stein. The stein, owned by the defendant, was a pewter mug, between 9 inches and 12 inches tall. It was filled to within 2 or 3 inches of the top. About 12:45 a. m., on October 17th, the defendant and Miss Tumpson and another couple left the party and drove to Miss Tumpson's dormitory at 1820 Chicago Avenue, Evanston. The other couple was left at the dormitory. The defendant and Miss Tumpson then drove North to Gilson Park in Wilmette. They walked in the park. Miss Tumpson complained that her foot ached, so took her shoes off and carried them. The defendant also took his shoes off, leaving them behind while they continued to walk. Miss Tumpson was due at the dormitory not later than 2:00 a. m. The defendant, unable to find his shoes, drove Miss Tumpson to her dormitory and later returned to the park to find his shoes. The park is about a five-minute ride from the dormitory.

On his way back to the park, the defendant was driving North on Sheridan Road. He observed the automobile of Ralph Earlandson halted in the intersection of Lincoln Street and Sheridan Road, preparing to make a left turn. Defendant slammed on his brakes, but was unable to stop in time to avoid striking the rear end of Earlandson's car. As a result of the impact, the defendant hit his head against the windshield and broke the glass.

Two Evanston police officers arrived at the scene within five minutes. Officer Branstrom smelled an odor of an alcoholic beverage on the defendant's breath and noticed that the defendant was without shoes. The defendant was slow in talking and admitted that he had had some beer earlier that evening. He was taken to the police station where the officer told the defendant: "We are going to give you a Breathalyzer test." The defendant replied, "Okay." The result of the test showed the defendant had 0.19 per cent of alcohol in his blood. Officer Branstrom had been a police officer for nine years and arrested approximately 200 persons who were under the influence of alcoholic beverages. He testified that in his opinion the defendant was under the influence of alcohol and that his ability to operate a motor vehicle was impaired. However, Branstrom testified that the defendant's balance, walk and ability to turn were fair.

Another Evanston police officer, Sergeant Kelly, detected the odor of alcohol on the defendant's breath and testified that, based on his observation of the defendant for a little more than half an hour, his conversations and his experience as a police officer, he was of the opinion that defendant was under the influence of an alcoholic beverage.

██ The defendant filed a motion to dismiss this appeal "on the ground that the Municipality has no right to appeal from a judgment of acquittal of a charge of violation of a penal Ordinance, and that a reversal of the finding of 'Not Guilty' with remandment for a new trial would place the Defendant in double jeopardy." This issue was disposed of adversely to defendant's position in our recent opinion in City of Evanston v. Jaman, 88 Ill App2d 441, 232 NE2d 28 (1967). See also Park Forest v. Bragg, 38 Ill2d 225, 230 NE2d 868 (1967).

The City of Evanston contends that the defendant was proven guilty by a clear preponderance of the evidence and the trial court's finding of "not guilty" was contrary to

the manifest weight of the evidence. The City maintains that the evidence more than satisfied its burden. Section 47 of the Motor Vehicle Act (Ill Rev Stats 1965, c 95½, § 144) provides that 0.15% or more of alcohol in a person's blood shall create a presumption of being under the influence of intoxicating liquor. Defendant here had 0.19% alcohol in his blood. However, subparagraph 4 of section 47 provides:

"The foregoing provisions of this paragraph (b) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor."

The defendant admitted that he drank two or three steins of beer between 9:00 p. m. and 12:45 a. m. After he drove his date to Gilson Park, they walked around the park for approximately an hour. She testified, "I wouldn't have stayed with him, if I thought there was any danger in his driving" and "There was nothing unusual about his driving." The defendant on cross-examination denied that he was under the influence of an alcoholic beverage at the time of the accident. Ralph Earlandson testified that after the impact the defendant got out of his car on two occasions, walked toward Earlandson's car and examined the damages which cost $35 to repair; that the defendant did not lean against the car or brace himself in any way and that there was nothing unusual about his speech. Sergeant Kelly testified that defendant was cooperative and his walk, his ability to turn and the result of the coin-picking test were fair. The police report showed that the odor of an alcoholic beverage was moderate.

At the conclusion of the presentation of evidence, the trial judge carefully reviewed the facts as they appeared from the testimony. He was fully cognizant of the results

of the breathalyzer test and the presumption raised by the statute. However, the testimony of the defendant of the amount he had to drink, the comments of his date that he was driving properly and safely, the observations of the driver of the car that was hit, and certain of the police officer's observations that were inconsistent with being under the influence of an intoxicant were all taken into account by the trial judge in reaching his conclusion that the defendant was not operating his vehicle in violation of the ordinance.

■ ■ As we said in City of Evanston v. Jaman, 88 Ill App2d 441, 232 NE2d 28 (1967), a reviewing court should be hesitant to reverse a finding of not guilty made by the trial court. The Illinois Supreme Court in Schulenburg v. Signatrol, Inc., 37 Ill2d 352, 226 NE2d 624 (1967), said:

> "Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. (Brown v. Zimmerman, 18 Ill2d 94, 102; Illinois Nat. Bank & Trust Co. of Rockford v. County of Winnebago, 19 Ill2d 487, 495; Mortel v. Beckman, 16 Ill2d 209.) Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion." (P 356.)

The decision of the Circuit Court of Cook County, Second Municipal District, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.