**Wayne J. Heath v. Arthur Orlandi and Frank G. Hatch**

[ 243 A.2d 792 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

*Coffrin & Pierson* for the Plaintiff.

*Theriault & Joslin* and *John A. Burgess, Esq.,* for the Defendants.

**Holden, C.J.** This action arose from a motor vehicle collision on the Nelson Pond Road in South Woodbury, Vermont, August 28, 1965. The plaintiff was proceeding easterly in a Pontiac sedan with a boat and trailer attached. He approached a moderate curve to his right on a down grade. He was traveling at a speed of twenty-five to thirty miles per hour. To his right, on the south side of the road, was a drainage ditch at the base of an abrupt rock ledge. As he entered the bend in the highway a Chevrolet flatbed truck, traveling in the opposite direction, was leaving the curve. The truck was owned by the defendant Orlandi and operated by the defendant Hatch. According to the plaintiff's estimate, the truck first came into his view when the vehicles were thirty to fifty feet apart. At this distance the plaintiff applied his brakes and the operator of the truck veered diagonally to his right. Before the plaintiff's car could be brought to a halt, his left front fender collided at the left rear wheel of the truck.

According to the plaintiff's evidence, when the defendant's truck first came into view it was in the center of the highway with its left front wheel occupying a portion of the plaintiff's lane of travel. The state police officer, who investigated the accident, testified that the jamming of the plaintiff's left front fender against the tire practically immobilized the plaintiff's vehicle on impact. By reference to broken glass and dirt found in the highway, the investigating officer located the point of impact in the plaintiff's lane of travel seven feet from the south line of the highway. The road at this point was approximately sixteen feet wide.

When the plaintiff rested his case the defendants' motion for a directed verdict was granted. In granting the defendants' motion, the

district court ruled these facts insufficient as a matter of law, to establish actionable negligence on the part of the defendants. The plaintiff appeals.

■■ It is not the part of reasonable prudence to travel in the lane of opposing traffic, especially when traveling a winding country road. The motor vehicle law requires all vehicles, in rounding a curve, to keep as far to the right as reasonably practicable and to proceed with due care to avoid accident. And the operators of motor vehicles proceeding in opposite direction are enjoined to keep to the right of the center of the highway to permit passing without interference. 23 V.S.A. §§1040 and 1032. Proof of the violation of statutory rules of the road, on the part of one charged with negligence, makes out a prima facie case of negligence against the offending operator. *Dashnow* v. *Myers,* 121 Vt. 273, 278, 155 A.2d 859; *Kremer* v. *Fortin,* 119 Vt. 1, 5, 117 A.2d 245; *Shea* v. *Pilette,* 108 Vt. 446, 450, 189 A. 154, 109 A.L.R. 933.

■■ The presumption of negligence is, of course, open to rebuttal. *Frenier* v. *Brown,* 116 Vt. 538, 540, 86 A.2d 524; *Appleyard* v. *Ray Co.,* 115 Vt. 519, 522, 66 A.2d 10. But without waiting for countervailing proof, the trial court ruled the plaintiff's evidence was insufficient "to show how the defendant was negligent as a matter of law." The ruling was in error.

The defendants now concede that the accident occured on the plaintiff's side of the road. They seek to save the directed verdict on the strength of the plaintiff's contributory negligence in traveling too fast under the conditions then prevailing. They refer to cross-examination of the plaintiff which, in effect, admits he could not stop his vehicle within the distance of his first observation of the truck as he entered the curve. He also acknowledged that had he been traveling at the truck's speed of ten miles an hour, the accident could have been averted.

■ To support their claim, the defendants rely on *Towne* v. *Rizzico,* 113 Vt. 205, 207, 32 A.2d 129, holding that it is the duty of an operator to drive at such a speed that his vehicle can be stopped within the distance that can be seen ahead. The rule has particular application to night driving and to situations where observation is temporarily obscured. See *Steele* v. *Fuller,* 104 Vt. 303, 309, 158 A.

666; *Palmer* v. *Marceille,* 106 Vt. 500, 509, 175 A. 31. In any event, the rule is not to be rigidly applied to all situations. *Welch* v. *Stowell,* 121 Vt. 381, 384, 159 A.2d 75. Such application would place an unreasonable restriction on the traveler. *Chaffee* v. *Duclos,* 105 Vt. 384, 386, 166 A. 2.

■ As he entered the curve, the plaintiff had the right to assume the highway around the bend was clear and that the defendant's operator would observe the law of the road to keep his truck in its assigned lane of travel. He was justified in proceeding on this expectation until reasonable prudence indicated such an assumption was unwarranted. *Page* v. *McGovern,* 110 Vt. 166, 171, 3 A.2d 543; *Chaffee* v. *Duclos, supra,* 105 Vt. at 389, 166 A. 2.

The evidence in the plaintiff's case indicates that the stopping distance of the plaintiff's vehicle, traveling at thirty miles an hour, was eighty-eight feet. When the truck first came into view it was not more than fifty feet away. This situation was not of the plaintiff's making.

■ Whether his conduct in these circumstances met the standard of reasonable care presented an issue of fact for the jury. *Chaffee* v. *Duclos, supra,* 105 Vt. at 388, 166 A. 2; *Hatch* v. *Daniels,* 96 Vt. 89, 93, 117 A. 105. Since this defense is a question that should have been submitted to the triers of the fact, it cannot be applied as a matter of law to aid a verdict that was erroneously withheld from them.

*Judgment reversed and cause remanded.*