# Robert Larmay v. Gail VanEtten

[278 A.2d 736]

No. 77-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 1, 1971

*Lisman & Lisman,* Burlington, for Plaintiff.

*Coffrin, Pierson & Affolter,* Burlington, for Defendant.

**Keyser, J.** This is an automobile passenger case brought to recover damages for injuries suffered by the plaintiff. The defendant denied liability and asserted the affirmative defenses of contributory negligence and assumption of the risk by the plaintiff.

Trial was by jury. At the close of all of the evidence plaintiff moved for a directed verdict as to liability. The court granted the motion and submitted the case on the question of damages. The jury returned a verdict for the plaintiff to recover the sum of $5500.00. The defendant appealed and claims (1) that the trial court erred in directing a verdict for the plaintiff and (2) that the verdict was excessive.

In considering the defendant's first ground of appeal we must take the evidence in the light most favorable to the defendant, she being the party against whom the motion was directed. The evidence thus viewed discloses the following factual situation relative to the defendant's liability.

The plaintiff was returning from work at about 7:30 P.M. on December 22, 1967, as a passenger in a Cadillac car owned and operated by a Mr. Goodrich northerly on Route 7 just south of Shelburne Village. The defendant was operating her Volvo automobile southerly at the same time and place. She was travelling behind a hay truck and in front of an automobile driven by a Mr. Pond. It was nearly dark and the cars had their lights on. Each vehicle was being operated at approximately 40–45 miles per hour.

As the cars approached each other on the brow of a hill, the cars were in a near head-on collision which, according to the testimony, was caused by the defendant's car moving into the north bound lane in which the Goodrich car was travelling. The defendant concedes in her brief that her car travelled to her left into the north bound lane of traffic although she testified that she had no recollection of the facts surrounding the accident. The defendant was returning home from work after an office party and the last thing she recalled was that she was following behind a truck or tractor trailer through the village of Shelburne. The defendant's vehicle came to rest mostly in the north bound lane.

Mr. Pond testified that he pulled out in back of a Volvo on Route 7 in South Burlington and was following it and that the defendant's car was right behind a truck or tractor trailer. He said he "noticed it (the Volvo) tended to dart from one side of the road to the other, from the shoulder past the yellow line or center line and back to the shoulder again . . . and it went like this all the way to Shelburne, at which point the accident took place." This evidence was uncontradicted.

The defendant contends that the mere presence of her vehicle in the opposite lane of traffic or the passage of her vehicle over the center line of the highway does not establish negligence on her part as a matter of law.

By granting plaintiff's motion for a directed verdict, the court ruled that on the evidence the defendant was guilty of negligence as a matter of law in the operation of her automobile. *Beaucage* v. *Russell*, 127 Vt. 58, 60, 238 A.2d 631 (1968). The burden of showing that the defendant was guilty of some negligent act or omission that proximately caused the accident was, of course, on the plaintiff. *Burleson* v. *Caledonia Sand & Gravel*, 127 Vt. 594, 596, 255 A.2d 680 (1969).

■ Under the rules of the road governing the conduct and operation of vehicles upon a public highway, 23 V.S.A. § 1032, it is provided:

> "Operators of vehicles proceeding in opposite directions shall exercise due care and shall each keep to the right of the center of the highway so as to pass without interference."

Other applicable rules of the road are found in 23 V.S.A. §§ 1035 and 1037. The pertinent part of Section 1035 requires that "(a)n operator of a vehicle overtaking another vehicle proceeding in the same direction shall not pass . . . to the left of the center of the highway unless the way ahead is clear of approaching traffic." Section 1037 provides that "(a) vehicle shall not pass another from the rear at the top of a hill or on a curve where the view ahead is in anywise obstructed, . . . ." So too, the defendant was under the duty to have her car under reasonable control. *Williamson* v. *Clark*, 103 Vt. 288, 291, 153 A. 448 (1931).

■ The rules of the road are safety statutes and proof of their violation, on the part of one charged with negligence, makes out a *prima facie* case of negligence against the offending operator. *Heath* v. *Orlandi*, 127 Vt. 204, 206, 243 A.2d 792 (1968). But this presumption of negligence is, of course, open to rebuttal. *Ibid.* See also *Gilbert* v. *Churchill*, 127 Vt. 457, 461, 252 A.2d 528 (1969). A true legal presumption is in the nature of evidence, and is to be weighed as such. *Sheldon* v. *Wright*, 80 Vt. 298, 319, 67 A. 807 (1907). Being a disputable presumption, it shifts to the party against whom it operates the burden of evidence. And the *prima facie* case would become the established case, if nothing further appears. *Hammonds, Inc.* v. *Flanders*, 109 Vt. 78, 82, 191 A. 925 (1937). The presumption points out to the party on whom it lies the duty of going forward with evidence on the fact presumed. And when that party has produced evidence fairly and reasonably tending to show that the real fact is not as presumed, the office of the presumption is performed and disappears from the arena. *Tyrrell* v. *Prudential Ins. Co. of America*, 109 Vt. 6, 23–24, 192 A. 184 (1937). We are not unmindful that safety rules are not hard and fast, nor absolute in application to all

circumstances. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 69, 196 A.2d 489 (1963).

Thus, if the defendant desired to overcome the effect of the presumption it was her duty to present evidence to rebut it. She was accorded this opportunity but failed to exercise it. A diligent search of the record fails to disclose any evidence introduced by her in this respect. Her own testimony, of course, does not touch on the question of how and why the accident happened as it did. The defendant offered no counter-vailing evidence to the presumption or to explain her manner of operating her vehicle "darting from one side of the road to the other." If there was any such evidence it was not forth-coming and this left the presumption of negligence standing unchallenged.

The defendant claims the plaintiff, before he can have the benefit of the *prima facie* negligence doctrine, is required "to establish, through evidence, that it was an act of the defend-ant-operator which caused defendant's vehicle to cross the center line." This is not the law and, furthermore, the unchal-lenged testimony of Mr. Pond demonstrates with definite clar-ity that it was the act of the defendant which caused her car to be on the wrong side of the road.

The appellant calls attention to the testimony of Mr. Pond where he testified:

> "Well, we were heading—I was directly in back of the Volvo. We were heading up the hill out of Shelburne, and the Volvo was very close to the hay truck. It seemed it was almost under the hay truck, and then I just re-member the Volvo darting out into the north bound lane as if the car went out of control or it was a last minute decision to pass the hay truck, and at that time the Cadil-lac was right there and they just hit head-on."

Later, he said: "I couldn't determine whether the Volvo was passing the hay truck. It was such a sudden move, it looked like it got out of control."

■ The defendant contends that Mr. Pond's "testimony clearly justifies a permissible inference that, for some reason, the defendant's vehicle became out of control before it ever left its proper lane of travel." A permissible inference must rest upon a logical deduction from established facts in order

to provide a conclusion which the triers of fact may or may not find along with the other evidence in a case.

The defendant argues that since there was evidence allowing a reasonable inference of mechanical failure or dangerous road conditions, the court erred in granting plaintiff's motion for a directed verdict as to liability. First, there was no evidence of the existence of dangerous road condition but there was evidence that the weather was fair. Secondly, the testimony of Mr. Pond neither supports the argument nor the rationalization claimed for it. The evidence fails to establish the basic fact or facts which rise up to meet and counter the presumption of negligence.

■ Although we find no evidence in the record on which such an inference could be based, we must bear in mind that a presumption and an inference are not the same thing. A "presumption" is a deduction which the law requires a trier to make; an "inference" is a deduction which the trier may or may not make according to his own conclusions. A presumption is mandatory; an inference, permissible. *Cross* v. *Passumpsic Fibre Leather Co.*, 90 Vt. 397, 407, 98 A. 1010 (1916).

■ At the close of all of the evidence, the plaintiff, having established a violation of the safety statutes, made out a *prima facie* case of negligence against which no rebuttal evidence was produced fairly and reasonably tending to show that the real fact was not as presumed. Thus confronted, the trial court properly granted plaintiff's motion on the question of liability. *Scrizzi* v. *Baraw*, 127 Vt. 315, 320, 248 A.2d 725 (1968).

The defendant cites cases relating to the doctrine of *res ipsa loquitur* which she claims is applicable because this case she asserts involves an unexplained accident. Concerning this claim we need only to point out that there are no basic facts in the record establishing the application of the doctrine. See *Marsigli* v. *C. W. Averill Co.*, 123 Vt. 234, 236, 185 A.2d 732 (1962).

The defendant claims the court erred in denying her motion to set aside the verdict of $5500.00 as excessive. The defendant's argument is primarily based on the fact that the medical bills incurred by plaintiff amount to only about $200, and no permanent injuries were shown.

■■ That ground of the motion which asserted the verdict was against the weight of, and not sustained by, the evidence was directed to the discretion of the trial court. *Scrizzi* v. *Baraw, supra,* 127 Vt. at 322. The right to set aside a verdict is based, ultimately on the proposition that an injustice would result from permitting the verdict to stand. Verdicts are not to be lightly disregarded, for it is the proper province of the jury to settle questions of fact. *Ibid.* In considering the motion, the court takes the evidence in the light most favorable to the plaintiff and excludes the effect of modifying evidence.

The defendant's principal argument is that the verdict was grossly excessive under the circumstances shown by the evidence. The evidence in the light most favorable to the plaintiff shows that the plaintiff had facial and spinal injuries, had a post-traumatic syndrome, suffered pain for some time, was under medical treatment and medication at the time of trial, had lost income for lack of ability to perform his usual duties as salesman, further pain and medication would continue for a time, and that he was treated by a surgeon and neurologist. His medical expenses were $241.90.

■■ General verdicts should be construed to give them effect, if that can reasonably be done. And, ordinarily, the court will not interfere with the jury's province to determine the amount of damages where the evidence as to damages is conflicting. *Brunelle* v. *Coffey,* 128 Vt. 367, 264 A.2d 782, 786 (1970). This court will not interfere unless it appears that the jury's determination is so small or large that it plainly indicates the award was the product of prejudice or other misguidance which undermines its validity as a verdict. *Quesnel* v. *Raleigh,* 128 Vt. 95, 258 A.2d 840, 843 (1969). See also *Gustin* v. *Asskov,* 129 Me. 494, 151 A. 443, 444 (1930).

Our search of the record does not indicate that the jury acted as a result of passion, prejudice, or other improper motive. The court's refusal to set the verdict aside as to damages is sustained since no abuse of discretion has been established, *Quesnel* v. *Raleigh, supra,* 258 A.2d at 845. We are satisfied that the motion was properly denied.

*Judgment affirmed.*