THE CITY OF EAST PEORIA, Plaintiff-Appellant, *v.* JOHN E. HARDING III, Defendant-Appellee.

Third District   No. 74-398

Opinion filed July 29, 1976.

Moehle, Moehle, Reardon, Smith & Day, Ltd., of Peoria, for appellant.

John E. Harding III, of East Peoria, for appellee, *pro se.*

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Tazewell County finding the defendant, John Harding III, not guilty of driving while intoxicated. The charge is that of violating an ordinance of the City of East Peoria and the judgment resulted after a bench trial.

On January 5, 1974, at approximately 3:50 a.m., police officer Jerry Duran observed a Javelin automobile approach from a northerly direction on North Main Street. The Javelin accelerated rapidly causing its rear tires to squeal. As a result Officer Duran turned around and followed the Javelin as it progressed through the streets of East Peoria. According to Officer Duran the Javelin made a left turn when the traffic signal was red. Officer Duran stated he followed the Javelin and its speed

was erratic, ranging from 10 to 30 miles per hour. The Javelin was also followed by another squad car for approximately a quarter of a mile and when the Javelin turned into the driveway and made a "U" turn preparatory to re-entering the street, its passage was blocked by the squad cars. The defendant exited the Javelin and, according to the officers, his speech was slurred, his pace unstable and his breath smelled of beer.

Defendant consented to the administration of an intoxilyzer test at the East Peoria police station. Results of the two tests, which were admitted by stipulation, indicated a blood alcohol content of 0.12%. The defendant testified in his own behalf and admitted he consumed beer several hours before his arrest and described the amounts thereof. He denied driving in an erratic manner or in violation of traffic rules immediately prior to his arrest on the date of the occurrence. At the close of the evidence the trial court entered judgment finding the defendant not guilty of the ordinance violation. The City of East Peoria has appealed. The only issue presented on this appeal is the city's contention the judgment of the trial court is contrary to the manifest weight of the evidence.

In this case the defendant was charged with violating section 50—4—48(a) of the ordinance of the municipality of the City of East Peoria. "(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this City." The ordinance contains a provision which allows tests performed on the alcoholic content of the blood of the arrested to be admissible into evidence if proper procedures are followed. The ordinance also contains the following provision at section 50—4—48(c)(3): "If there was at the time of such analysis 0.10% or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

■■ The main thrust of the city's claim of error is that because the test results indicated 0.12% blood alcohol content the presumption is applicable and when considered with the other evidence requires a contrary holding. Although the city concedes the presumption is rebuttable, its argument proceeds on the theory the presumption is so strong, so significant and so substantial that for all practical purposes it is irrefutable. In support of such theory the city has referred to cases from other jurisdictions such as *State v. Macuk* (1970), 57 N.J. 1, 268 A.2d 1, and *Larmay v. Van Etten* (1971), 129 Vt. 368, 278 A.2d 736. While these cases present discussions of the evidence of intoxication and the role of the presumption based on alcohol content of the blood, they do not announce any rule contrary to that existing in this State.

■■ It is well-settled in this State the presumption of being under the influence of intoxicating liquor is not conclusionary but may be

overcome. (*City of Evanston v. Waggoner*, 90 Ill. App. 2d 5, 234 N.E.2d 354, and *City of Evanston v. Jaman*, 88 Ill. App. 2d 441, 232 N.E.2d 28.) Whether such presumption is overcome is primarily a question of fact to be resolved by the trial court. In claiming there is insufficient evidence to support the judgment the city discusses the evidence in terms favorable to its position. However, we believe there is ample evidence opposing inferences insisted upon by the city, and, if believed by the trial court, satisfactorily support the court's determination the defendant was not guilty.

Finding no error in the judgment of the circuit court of Tazewell County, the judgment is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.