## State of Vermont v. Clarence W. H. Merritt

[546 A.2d 791]

No. 86-441

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed April 8, 1988

---

*Joanne Baltz* and *Mark T. Cameron,* Windsor County Deputy State's Attorneys, White River Junction, for Plaintiff-Appellee.

*Bruce M. Lawlor,* Springfield, for Defendant-Appellant.

**Allen, C.J.** The defendant was convicted following a trial by jury of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201(a)(2). On appeal, he contends that the State was barred and estopped from prosecuting him because of the arresting officer's failure to take him into protective custody before the alleged offense occurred, pursuant to the provisions of 18 V.S.A. §§ 9141-9144, and that the trial court erred in refusing to charge the issue of entrapment. We affirm.

The facts disclose that an officer of the Springfield Police Department, while on routine patrol, observed a motor vehicle in a rest area on Route 11 in Springfield at about 4 P.M. He observed defendant in the vehicle slumped over the steering wheel. The officer was uncertain whether he was injured, was under the influence of alcohol or drugs, or was just plain tired. He stopped to determine if assistance was needed. Upon approaching the vehicle, he rapped on the window but was unable to arouse defendant. He then opened the car door and encountered a strong odor of alcohol and observed some empty bottles lying on their sides in the vehicle. He encountered great difficulty in rousing defendant, and after doing so, determined that he was quite intoxicated. The officer had defendant produce his driver's license and questioned him as to where he was going and where he was coming from. He also asked defendant if there were anyone who could pick him up, as the officer did not feel that he should be operating his vehicle. The defendant stated that there was no one to pick him up and that he would remain where he was until he had slept off the intoxication. The officer then warned defendant that if he did drive before sobering up, he would be processed for DUI. Following his encounter with defendant, the officer drove to a point some three-

quarters of a mile away and set up a radar checkpoint. Approximately fifteen minutes later, the officer observed defendant operating his vehicle. He stopped defendant, asked him to perform field-dexterity tests and ultimately processed him for driving while intoxicated.

The defendant contends that the officer was required by the provisions of 18 V.S.A. chapter 213: Alcoholism and Alcohol Abuse, to take him into protective custody at the time of their first encounter, and that the failure to do so estops the State from prosecuting him. The declared policy of the Legislature in enacting this chapter was to regard alcoholism and alcohol abuse as health and social problems rather than criminal transgressions. 18 V.S.A. § 9141. Pursuant to this declared purpose, the Legislature enacted 18 V.S.A. § 9144, which reads in pertinent part as follows:

> (a) When a law enforcement officer encounters a person who, in the judgment of the officer, is intoxicated as defined in section 9142 of this title, the officer may assist him, if he consents, to his home, an approved alcohol treatment program, or some other mutually agreeable location.
> (b) When a law enforcement officer encounters a person who, in the judgment of the officer, is incapacitated as defined in section 9142 of this title, the person shall be taken into protective custody by the officer . . . .

18 V.S.A. § 9144(a) and (b).
"Incapacitated" under 18 V.S.A. § 9142:

> means that a person as a result of his use of alcohol is in a state of intoxication, or mental confusion resulting from withdrawal, such that:
> (A) he appears to need medical care or supervision by approved alcohol treatment personnel, as defined in this section, to assure his safety; or
> (B) he appears to present a direct active or passive threat to the safety of others; . . . .

18 V.S.A. § 9142(9).

The defendant argues that, on the facts of this case, the officer had an affirmative duty to take him into custody, and that the failure to do so estops the State as a matter of law from prosecuting him. He points to evidence from the officer that the defendant was severely impaired and "as drunk as you can get."

He relies upon the language found in *State* v. *Adams*, 131 Vt. 413, 306 A.2d 92 (1973), where under similar facts this Court rejected the estoppel argument, stating that "[t]he defendant . . . has cited . . . no authority imposing upon law enforcement officers a duty to apprehend an individual observed in an intoxicated condition so as to prevent him from operating a motor vehicle while in that condition." *Id.* at 416, 306 A.2d at 94. Defendant argues that the duty to apprehend is now found in chapter 213 of Title 18, which was enacted subsequent to the decision in *Adams.*

However, the language in *Adams* hardly endorses such a notion. In that case, this Court merely found that as a preliminary matter no duty existed; therefore, the State could not be estopped. The issue of whether estoppel would be appropriate was not reached in that case. We do not consider *Adams* controlling on the question of whether the State should be estopped here.

The statute may create a civil duty on the part of a law enforcement officer confronted with an incapacitated or intoxicated person. We do not reach the question of whether the officer breached such a duty in this case, since we find that the doctrine of estoppel is inapplicable here.

In general, " 'estoppel . . . may not be invoked against a government or public agency functioning in its governmental capacity; . . . .' " *United States* v. *County of Lawrence*, 173 F. Supp. 307, 314 (D. Pa. 1959) (quoting 31 C.J.S. *Estoppel* § 138, at 675), *rev'd on other grounds*, 280 F.2d 462 (3d Cir. 1960). Estoppel against the State is particularly inappropriate in criminal cases. See *Sigmon* v. *Commonwealth*, 207 Ky. 786, 789, 270 S.W. 40, 42 (1925) (estoppel is never a defense in a criminal prosecution for violation of a statute). "The government is estopped in the enforcement of criminal laws only by some sound public policy, such as when its officers have induced or lured the defendant into the commission of a criminal act." *United States ex rel. Demarois* v. *Farrell*, 87 F.2d 957, 962 (8th Cir. 1937) (citing *Sorrells* v. *United States*, 287 U.S. 435, 445, 448 (1932)). Unless the officer's conduct amounted to entrapment or outrageous conduct, violative of public policy and due process, rather than simple negligence, the State is not estopped from prosecuting defendant for DUI. *United States* v. *Wiley*, 794 F.2d 514, 515 (9th Cir. 1986); *State* v. *Westlund*, 302 Or. 225, 230-31, 729 P.2d 541, 544 (1986) (police officer, observing the defendant to be drunk, may have violated statute mandating taking him into protective custody when he let

him drive, but this failure does not bar the State from prosecuting the defendant for driving under the influence of intoxicants). Therefore, defendant's estoppel argument, based on the police officer's perceived failure to take defendant into custody pursuant to 18 V.S.A. § 9144, is without merit.

Finally, the defendant contends that the trial court erred in refusing to charge the issue of entrapment to the jury. The short answer to this contention is that there was no dispute as to the facts concerning the issue, and it was the trial court's duty to determine as a matter of law whether entrapment existed. *State v. Wilkins*, 144 Vt. 22, 30, 473 A.2d 295, 299 (1983). Defendant further contends that the court erred in not applying the objective test required by *Wilkins* in determining whether the defendant had met his burden in establishing the defense. That test states in part that a law enforcement official perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of an offense, the official induces or encourages another to engage in conduct constituting such offense by employing methods of persuasion or inducement that create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it. *Id.* at 29, 473 A.2d at 299. It is argued that the officer's discussion of "drinking and driving for a minute or so" was conduct "intended to plant the suggestion of criminal activity in the mind of one not already disposed to commit it." The foregoing discussion cannot be considered to be an inducement or encouragement to commit the offense, and the trial court correctly determined that entrapment did not exist.

*Affirmed.*